Westlaw

917 F.2d 27
917 F.2d 27, 1990 WL 161008 (C.A.9 (Mont.))
**(Cite as: 917 F.2d 27)**

Page 1

NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.
Curtis W. JACOBSON and Patrice R. Jacobson, Plaintiffs-Appellants,
v.
STATE OF MONTANA DEPARTMENT OF SOCIAL & REHABILITATION SERVICES, State of Montana Department of Family Services, Ann Anderson, personally and as Agent of Department of Social Rehabilitation and Department of Family Services, Duffy Peete, personally and as Agent of Department of Social Rehabilitation and Department of Family Services, State of Montana Board of Social Work Examiners, Chuck Rhodes, Flathead County Sheriff, Maxine Lamb, personally and as agent of Flathead County Sheriff's Department, Wendel Frogen, personally and as Agent of Missoula County Sheriff's Department, Michael Keedy, as Judge of the Eleventh Judicial District, Ted Lympus, Flathead County Attorney, Randy Schwickert, personally and as agent of the County Attorney, Defendants-Appellees.
No. 90-35036.

Submitted Oct. 4, 1990. FN*
Decided Oct. 22, 1990.

Appeal from the United States District Court for the District of Montana; Charles C. Lovell, District Judge, Presiding. D.Mont.

AFFIRMED.

Before SKOPIL, O'SCANNLAIN and FERNANDEZ, Circuit Judges.

MEMORANDUM FN**

*1 Plaintiffs, Curtis and Patrice Jacobson, appeal from the district court's dismissal of their action. The district court held that the action was barred by the relevant statute of limitations and that the claims for injunctive relief were without merit. We affirm.

BACKGROUND

The following statement of facts is taken from the amended complaint. Curtis Jacobson is the natural father of Christi Jacobson. Susan Wilson is Christi Jacobson's natural mother and Curtis Jacobson's former wife. She is currently married to Gary Wilson. Curtis Jacobson and Susan Wilson share joint custody over Christi Jacobson.

A doctor opined that Christi Jacobson had been abused by her stepfather, Gary Wilson. On March 23 and 24, 1984, the doctor reported his conclusion to the Montana State Department of Social Services, now the Montana State Department of Family Services ("DFS"). On April 1, 1984, DFS Social Worker Ann Anderson directed the Jacobsons to keep Christi Jacobson during Susan Wilson's custody period. On April 4, 1984, however, Anderson informed the Jacobsons that Christi Jacobson would be placed in foster care.

On the same date, Anderson filed a petition for temporary investigative authority ("TIA") under Mont. Code Ann. § 41-3-402. On April 5, 1984, Judge Michael Keedy of the Eleventh Judicial District of the State of Montana issued the TIA. Within twenty-four hours of the TIA's issuance, Christi Jacobson was placed with the Wilsons. Maxine Lamb, of the Flathead County Sheriff's Department, and Anderson had decided that Christi Jacobson had actually identified Curtis Jacobson as her abuser, rather than Gary Wilson. On April 6, 1984, the Flathead County Attorney obtained a warrant of arrest for Curtis Jacobson. The Jacobsons also assert a number of acts that interfered with their custody over Christi Jacobson.

The TIA hearing was not conducted until May 15, 1984. The TIA expired on its own terms in October 1984. On April 23, 1985, the case concerning the TIA was dismissed.

The Jacobsons and the other plaintiffs in this action filed their complaint on March 18, 1988. The amended complaint alleged claims against a variety of state and county officials. Those claims were made pursuant to 42 U.S.C. §§ 1983 and 1985 and sought damages, injunctive relief, and declaratory relief. The district court had jurisdiction under 28 U.S.C. § 1343.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw

917 F.2d 27
917 F.2d 27, 1990 WL 161008 (C.A.9 (Mont.))
(Cite as: 917 F.2d 27)

Page 2

The defendants filed motions to dismiss, which were granted. The plaintiffs filed a motion for reconsideration, which was denied.

## STANDARD OF REVIEW

This court reviews de novo the district court's grant of a motion to dismiss. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).

## DISCUSSION

The court may dismiss an action on statute of limitations grounds if the expiry of the statute is apparent from the face of the complaint. Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 119 (9th Cir.1980). The applicable statute of limitations is the state statute which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). In Montana, that period is three years. Mont. Code Ann. § 27-2-204(1) (1987). That period accrues when the plaintiff knows or has reason to know of his injury. Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981).

*2 Almost all of the acts the Jacobsons complain of occurred before the TIA expired in October of 1984. The only exceptions are the April 23, 1985 dismissal of the state district court case, testimony at a July 1985 custody hearing, and the July 1987 denial of the plaintiffs' request to see the case file. There is no allegation of injury from those episodes. In any event, dismissal of the action could hardly have constituted an injury; the testimony would have been protected by absolute immunity, Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); and refusal of a view of the file spells out no federal constitutional claim. Plaintiffs do not allege any other acts that caused injury. Because the action was filed more than three years after October 1984, dismissal on limitations grounds was appropriate.

The Jacobsons raise a number of other arguments, all of which are without merit. First, the Jacobsons claim that the discovery rule tolls the running of the limitations period, but they should have known of their injury at the time the allegedly offensive acts took place. Second, the Jacobsons claim that Christi and Megan Jacobson are under a disability and that the limitations period is tolled pursuant to Mont. Code Ann. § 27-2-401(1) (1987). That disability, however, does not toll the limitations period as to the Jacobsons. Third, the Jacobsons claim that there was a continuing tort because the TIA did not terminate until April 23, 1985. The alleged injury, however, was complete upon the expiration of the TIA in October 1984.

The district court also correctly dismissed the injunctive aspects of the amended complaint. The amended complaint did not allege facts which indicated that the injury is continuing or that the injury is of a type that is recurring, yet constantly evading review. City of Los Angeles v. Lyons, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Past wrongs alone are not sufficient to support the grant of injunctive relief. Enrico's, Inc. v. Rice, 730 F.2d 1250, 1253 (9th Cir.1984).

AFFIRMED.

> FN* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a).
>
> FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.

C.A.9 (Mont.),1990.
Jacobson v. State of Mont. Dept. of Social & Rehabilitation Services
917 F.2d 27, 1990 WL 161008 (C.A.9 (Mont.))

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.