Donald B. Craven (DC Bar No. 221424)
**AKIN GUMP STRAUSS**
**HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, DC  20036
(202) 887-4000; (202) 887-4288 (fax)
dcraven@akingump.com

David J. Beck (Federal Bar No. 919)
**BECK, REDDEN & SECREST**
1221 McKinney Street, Suite 4500
Houston, TX  77010
(713) 951-3700; (713) 951-3720 (fax)
dbeck@brsfirm.com

William B. Rozell (Alaska Bar No. 7210067)
623 Basin Road
P.O. Box 20730
Juneau, AK  99802
(907) 586-0142; (907) 463-5647 (fax)
bartrozell@aol.com

Douglas J. Serdahely (Alaska Bar No. 7210072)
**PATTON BOGGS LLP**
601 West 5th Avenue, Suite 700
Anchorage, AK  99501
(907) 263-6310; (907) 263-6345 (fax)
dserdahely@pattonboggs.com

*Attorneys for Defendants Exxon Mobil Corporation and*
*ExxonMobil Alaska Production, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE ALASKA GASLINE PORT AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>EXXONMOBIL CORPORATION, a New Jersey corporation; EXXONMOBIL ALASKA PRODUCTION, INC., a Delaware corporation; BP P.L.C., a United Kingdom corporation; and BP EXPLORATION (ALASKA) INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:05-cv-00026-RRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS EXXON MOBIL CORPORATION AND EXXONMOBIL ALASKA PRODUCTION, INC. TO DEFER A RULE 26(f) CONFERENCE AND REPORT AND STAY DISCOVERY** |

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7.1, Defendants Exxon Mobil Corporation and ExxonMobil Alaska Production, Inc. (collectively "ExxonMobil") move to defer a Rule 26(f) conference and report and to stay all discovery pending the resolution of potentially dispositive motions to dismiss.

## ARGUMENT

On February 8, 2006, ExxonMobil moved, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the complaint filed by the Alaska Gasline Port Authority ("the Port Authority") asserting eight claims for relief, all but one of which are directed to ExxonMobil. ExxonMobil's motion, and motions filed by the other defendants in this action, BP P.L.C. and BP Exploration (Alaska) Inc. (collectively "BP"), have now been fully briefed and oral argument is set for June 2, 2006.[1] In their motions and supporting memoranda, ExxonMobil and BP raise substantial issues that may dispose of this case altogether or significantly limit its scope. Among these issues raised in ExxonMobil's motion is whether the Port Authority's power to bring this action is preempted by state law, whether the Authority has standing to bring any of its federal antitrust claims or its state unfair competition claim, and whether the statute of limitations bars the Port Authority's Section 7 claim. The motion to dismiss presents compelling additional reasons why the Authority's other claims fail as a matter of law.

---

[1] On February 1, 2006, before ExxonMobil filed its motion to dismiss, the Port Authority sought to schedule a discovery conference pursuant to Fed. R. Civ. P. 26(f). Exh. A. ExxonMobil responded on February 8, and suggested that such a conference was premature in light of its then recently-filed motion to dismiss. Exh. B. The Port Authority did not respond until March 30, 2006, when it again sought to schedule a Rule 26(f) discovery conference. Exh. C. ExxonMobil responded soon thereafter and recommended that the parties agree to defer any Rule 26 discovery-related scheduling and initial disclosures until after disposition of the motion to dismiss. Exh. D. The Port Authority declined to so agree during an April 13, 2006, telephone call with ExxonMobil's counsel.

Because all or some of the Port Authority's claims may be dismissed, it would be pointless and wasteful for the parties to proceed with a Rule 26(f) conference or file a Rule 26(f) report prior to disposition of ExxonMobil's and BP's motions. The matters to be addressed at a Rule 26(f) conference inherently are dependent upon the Court's determination of which claims, if any, survive the motions to dismiss. For instance, the AK LCF 26(f) form requires the parties to specify the "issues of fact and/or law to be presented to the court at trial," as well as to determine the timing and duration of trial. Clearly, no party can provide the Court, in good faith, with an accurate identification of the issues for trial or estimate of the timing of any trial until disposition of the motions. Likewise, no party can assess the extent and timing of discovery or the need for expert witnesses until the scope of the claims is established. *See, e.g.*, AK LCF 26(f) §§ 2, 4, 6. Hence, the parties will not be in a position to address meaningfully the subjects that must be discussed at a Rule 26(f) conference until such time as the Court rules. Any attempt to develop a discovery plan before that time would amount to nothing more than a guessing game.

The Court also should stay initial disclosures and all other discovery in this matter pending resolution of the motions to dismiss. To protect parties from "oppression, or undue burden or expense," the Court may issue an order that "discovery not be had." Fed. R. Civ. P. 26(c). The Court also has inherent authority to control its own docket. *See generally Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Applying these principles, courts routinely grant stays of all discovery pending rulings on motions to dismiss or other dispositive motions.[2] *See, e.g.*,

---

[2] A district court has "wide discretion" to regulate discovery proceedings. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *The Pacific Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 351 (N.D. Cal. 2003) (citations omitted). Thus, "[s]uch rulings will not be overturned unless there is a clear abuse of discretion." *Little*, 863 F.2d at 685.

*Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (holding that district court did not abuse its discretion in granting stay of discovery proceedings pending disposition of motion to dismiss); *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (deferring discovery until disposition of motion to dismiss not an abuse of discretion); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (finding it proper to enter order staying discovery pending resolution of Rule 12(b) motion); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming district court decision to stay discovery due to pending motion to dismiss antitrust claims). Indeed, a defendant "'has the right under Rule 12(b) . . . to challenge the legal sufficiency of the complaint's allegations against (it), without first subjecting (it)self to discovery procedures.'" *SEC v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982) (citations omitted); *see also Rutman Wine*, 829 F.2d at 738 (same).

The Court can and should guard against the undue burden and expense that would result if initial disclosures or other discovery were permitted to proceed before resolution of the motions to dismiss. A stay of discovery pending the determination of a dispositive motion concerning the adequacy of antitrust claims "especially makes sense because the costs of discovery in such actions are prohibitive." *See id.* (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106-07 (7th Cir. 1984)). As the Ninth Circuit noted, when a motion to dismiss antitrust claims is before a court, it is a " sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo

the expense of discovery." *Id.*[3]  Such rationale is particularly apt here, where the burden of discovery could be particularly oppressive.  The Port Authority alleges numerous, undefined violations of antitrust laws spanning several decades.  The alleged violations encompass development and operation of various North Slope oil and gas fields, several pipeline and marketing proposals made over the past 30 years, and mergers and acquisitions, including the 1999 merger of Exxon and Mobil.  ExxonMobil should not be compelled to engage in discovery on such far-reaching claims – and the Court should not be required to adjudicate discovery disputes – when the need for and/or scope of such discovery well may be rendered moot by the outcome of the pending dispositive motions.

The Port Authority, moreover, can neither make a colorable claim of irreparable injury from delay nor state any other need for proceeding with discovery.  First, there is no threat that information that is available today will be unavailable after the Court's ruling.  Second, discovery is likely to be protracted if it proceeds, such that a trial, in any event, could not take place in the near future.  Thus, the Port Authority cannot claim any immediate harm if discovery is temporarily stayed.

---

[3] Courts regularly stay discovery where the pending motion to dismiss challenges the sufficiency of the alleged claims.  *See The Pacific Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 351 (N.D. Cal. 2003) (A court may "stay discovery when it is convinced that plaintiff will be unable to state a claim for relief or if the action is moot." (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1978); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam)); 2 Moore's Federal Practice § 26.105 (3d. ed.) ("[A] stay of discovery is appropriate when the motion appears to have substantial grounds or, stated another way, does not 'appear to be without foundation in law.'") (citation omitted); *cf. Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (denying a stay of discovery because the motion to dismiss did not challenge the sufficiency of the complaint).

Accordingly, any Rule 26-related disclosures, scheduling conferences and orders should be postponed until after the Court determines whether the Port Authority is entitled to proceed with any of its claims.

## CONCLUSION

ExxonMobil respectfully requests that the Court defer the Rule 26(f) conference and report and stay all discovery pending resolution of the dispositive motions to dismiss.

Dated:  April 13, 2006			Respectfully submitted,

s/Douglas J. Serdahely

Douglas J. Serdahely
PATTON BOGGS LLP
601 West Fifth Avenue, Suite 700
Anchorage, Alaska  99501
Phone:  (907) 263-6310
Fax:  (907) 263-6345
Email:  dserdahely@pattonboggs.com
Alaska Bar No. 7210072

*Attorney for Defendants Exxon Mobil Corporation and ExxonMobil Alaska Production, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2006, a copy of the Memorandum of Law in Support of Motion of Defendants Exxon Mobil Corporation and ExxonMobil Alaska Production, Inc. to Defer a Rule 26(f) Conference and Report and Stay Discovery was served electronically on the following:

| | |
|---|---|
| **Kevin Barry** <br> kbarry@bsfllp.com <br> skalas@bsfllp.com | **John F. Cove, Jr.** <br> jcove@bsfllp.com |
| **Kenneth F. Rossman, IV** <br> krossman@bsfllp.com <br> sphan@bsfllp.com | **Jeffrey M. Feldman** <br> feldman@frozenlaw.com <br> carper@frozenlaw.com <br> anderson@frozenlaw.com |
| **William M. Walker** <br> bill-wwa@ak.net <br> shelley-wwa@ak.net <br> karen-wwa@ak.net | **David Boies** <br> dboies@bsfllp.com |
| **Ronald C. Redcay** <br> ronald_redcay@aporter.com | **Robert Silver** <br> rsilver@bsfllp.com |
| **Angel L. Tang** <br> angel_tang@aporter.com | **Charles E. Cole** <br> colelaw@att.net |
| **Matthew T. Heartney** <br> matthew_heartney@aporter.com | **Bradley S. McKim** <br> bradley.mckim@bp.com |

By:    s/Nina E. Bingham
       Nina E. Bingham, Legal Secretary
       PATTON BOGGS LLP