# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET • SUITE 900 • OAKLAND, CA 94612 • PH. 510.874.1000 • FAX 510.874.1460

February 1, 2006

**VIA FACSIMILE**

Jeffrey Feldman, Esq.
Feldman Orlansky & Sanders
500 L Street, Suite 400
Anchorage, Alaska 99501

Douglas J. Serdaheley, Esq.
Patton Boggs LLP
601 West Fifth Street
Anchorage, AK 99501

J. Andrew Langan
Kirkland & Ellis LLP
Aon Center
200 East Randolph Drive
Chicago, Illinois 60601

  Re: *Alaska Gasline Port Authority v. ExxonMobil Corporation, et al.,*
    *(Dist. Ak.), F05-0026 CIV*

Dear Counselors:

  We represent the Alaska Gasline Port Authority ("AGPA") in connection with the above-referenced matter and write to schedule a conference among the parties under Rule 26(f) of the Federal Rules of Civil Procedure to discuss a discovery plan and other case management issues. I propose that we conduct the conference on Thursday, February 9, 2006 at 10:00 PST. I am also available to accommodate your schedule on Friday, February 10, and the latter part of the following week. Kindly let me know of your availability.

            Very truly yours,

            John F. Cove, Jr.

cc: William Walker, Esq.
   Charles Cole, Esq.

NEW YORK  WASHINGTON DC  FLORIDA  CALIFORNIA  NEW HAMPSHIRE  NEW JERSEY
www.bsfllp.com

# ARNOLD & PORTER LLP

**Matthew T. Heartney**
Matthew_Heartney@aporter.com

213.243.4150
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

February 8, 2006

**VIA FACSIMILE**

John F. Cove, Jr., Esq.
Boies, Schiller & Flexner LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612

Re: *Alaska Gasline Port Authority v. ExxonMobil Corp.*

Dear John:

I write to respond to your February 1, 2006 letter sent to Jeffrey Feldman and others. On February 8, 2006, BP Exploration (Alaska) Inc. ("BPXA") will be filing a motion to dismiss the Authority's complaint under Fed. Rule. Civ. Proc. 12(b). Because this motion may dispose of this case, we see no reason to proceed with a Rule 26(f) conference until the motion is decided. In addition, under the Local Rules of the U.S. District Court, the parties are expected to submit their Rule 26(f) report on a schedule measured from when "the last named defendant has appeared." Rule 16.1(b)(1). Here, even this threshold condition is not satisfied as the time for BP p.l.c. to respond to the complaint is still some time away. For this reason as well, it seems premature to schedule this conference.

Sincerely,

Matthew T. Heartney

cc: Jeffrey Feldman
    Donald B. Craven
    Douglas J. Serdahely
    J. Andrew Langan

# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET • SUITE 900 • OAKLAND CA 94612 • PH 510 874 1000 • FAX 510 874 1460

March 30, 2006

**VIA FACSIMILE**

Donald B. Craven, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Matthew T. Heartney, Esq.
Arnold & Porter LLP
44th Floor
777 South Figueroa Street
Los Angeles, CA 90017

J. Andrew Langan, Esq.
Kirkland & Ellis LLP
Aon Center
200 East Randolph Drive
Chicago, Illinois 60601

      Re:    *Alaska Gasline Port Authority v. ExxonMobil Corporation, et al.,*
             *F05-0026 CIV (D. Ak.) (RRB)*

Gentlemen:

    On behalf of the Alaska Gasline Port Authority ("AGPA"), I write once again to request your attendance at a Rule 26(f) conference in the above-referenced litigation. BP p.l.c. declined our prior invitation to participate because it had not yet appeared, and BP Exploration (Alaska) Inc. and the Exxon Mobil defendants declined based on their contention that they had raised substantial issues in their motions to dismiss. BP p.l.c. has now appeared, which means that the time for the parties to submit their Rule 26(f) report pursuant to Local Rule 16.1(b)(1) has begun to run. In addition, the Court has scheduled oral argument for the motions to dismiss on June 2, 2006. Given this schedule, it would cause undue delay to refrain from discovery until after the motions are decided.

BOIES, SCHILLER & FLEXNER LLP

Donald B. Craven, Esq.
Matthew T. Heartney, Esq
J. Andrew Langan, Esq.
March 30, 2006
Page 2

    In light of these considerations, I suggest that we hold the required conference on April 4, 2006 at 10 a.m. Pacific time. If other times next week are more convenient for you, please let me know. I look forward to your response.

Very truly yours,

John F. Cove, Jr.

cc: Counsel of Record (per service list)

# ARNOLD & PORTER LLP

Matthew T. Heartney
Matthew_Heartney@aporter.com

213.243.4150
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

April 4, 2006

*VIA FACSIMILE AND U.S. MAIL*

John F. Cove, Jr., Esq.
Boies, Schiller & Flexner LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612

Re: *Alaska Gasline Port Authority v. ExxonMobil Corp., et al.* (F05-0026 CIV (RRB))

Dear John:

I have received your March 30, 2006 letter proposing a Rule 26(f) conference. In my letter dated February 8, 2006, I cited two reasons why proceeding with a Rule 26(f) conference would be "premature." While one reason no longer applies, the other, and more fundamental, reason, remains. The Rule 12 motions filed by BP Exploration (Alaska) Inc. ("BPXA") and BP p.l.c. (and ExxonMobil's similar motion) present compelling reasons why plaintiff lacks standing to pursue its antitrust lawsuit, and why its claims fail as a matter of law. Until these motions are decided, the parties cannot know whether plaintiff's lawsuit will survive and, if so, what claims will remain.

The subjects that must be discussed at a Rule 26(f) conference cannot be meaningfully addressed until the outcome of the motions is known. *See* District of Alaska Local Rules, Form AK LCF 26(f) (parties must discuss, *e.g.*, timing and extent of Rule 26(a)(1) disclosures, "issues of fact and/or law to be presented . . . at trial," and discovery expected to be needed). Particularly in light of the number of counsel and parties that will need to participate in a Rule 26(f) conference, it seems important to await the hearing set by the Court before scheduling the conference.

Should you wish to discuss this issue, I will be happy to do so. In that event, I suggest that we include Andy Langan, counsel for BP p.l.c.

Sincerely,

Matthew T. Heartney

cc: Counsel of record

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver