David Boies
Robert Silver
**BOIES, SCHILLER & FLEXNER LLP**
333 Main Street, Armonk, NY 10504
914.749.8200; 914.749.8300 (fax)
dboies@bsfllp.com; rsilver@bsfllp.com

John F. Cove, Jr.
Kenneth F. Rossman IV
**BOIES, SCHILLER & FLEXNER LLP**
1999 Harrison St., Suite 900, Oakland, CA 94612
510.874.1000; 510.874.1460 (fax)
jcove@bsfllp.com; krossman@bsfllp.com

William M. Walker (SBN 8310155)         Charles E. Cole (SBN 5503004)
**WALKER & LEVESQUE, LLC**              **LAW OFFICES OF CHARLES E. COLE**
731 N Street, Anchorage, AK 99501       406 Cushman Street, Fairbanks, AK 99701
907.278.7000; 907.278.7001 (fax)        907.452.1124; 907.456.2523 (fax)
bill-wwa@ak.net                         colelaw@att.net

*Counsel for Plaintiff Alaska Gasline Port Authority*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA GASLINE PORT AUTHORITY, <br><br> Plaintiff, <br><br> v. <br><br> EXXONMOBIL CORPORATION, a New Jersey corporation; EXXONMOBIL ALASKA PRODUCTION, INC., a Delaware corporation; BP P.L.C., a United Kingdom corporation; and BP EXPLORATION (ALASKA) INC., a Delaware corporation, <br><br> Defendants. | ) <br> ) <br> )    CASE NO.: 4:05-cv-00026-RRB <br> ) <br> ) <br> ) <br> ) <br> )   **OPPOSITION TO MOTIONS TO DEFER** <br> )   **A RULE 26(f) CONFERENCE AND TO** <br> )       **STAY DISCOVERY** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff Alaska Gasline Port Authority (the "Port Authority") opposes Defendants' motions to stay compliance with Rule 26 and to stay discovery. Even in the context of an ordinary case, the grounds Defendants' cite in support of their motions – (1) they have filed motions to dismiss and (2) the "expense" and burden of discovery – are patently insufficient to justify making an exception to the normal operation of the Federal Rules of Civil Procedure. Here, the Defendants face a detailed, factually specific complaint that clearly states multiple violations of the antitrust laws, and they have just completed the most profitable years in the history of U.S. commerce,[1] brought about in part by scarcity created by their illegal conduct. Defendants' arguments have no weight whatsoever, and this Court should deny their motions.

Rule 26 and the Local Rules of this Court are designed to facilitate the efficient conduct of litigation. For instance, Local Rule 16.1(b)(1) requires parties to file a Rule 26(f) report that outlines how the case will progress no later than 60 days after the last named defendant has appeared in the action. BP p.l.c., the last defendant to appear, entered its appearance on February 22, 2006. Under the Local Rule, a joint Rule 26(f) report was due on April 24, 2006. Counsel for the Port Authority met and conferred with Defendants on this subject, but Defendants jointly took the position that they would not provide any Rule 26 disclosures, would not engage in discovery, and would not even discuss case scheduling while their motions to dismiss were pending. Their motions to stay soon followed.

Defendants argue that "discovery is likely to be protracted if it proceeds, such that a trial, in any event, could not take place in the near future." (XOM Motion at 5.)[2] This is a complete

---

[1] Defendant ExxonMobil enjoyed record profits of $36.1 billion in 2005 – the highest reported net income for a U.S. company in history, and Defendant BP reaped $19.3 billion in profits for the same period – also a record.

[2] Defendant ExxonMobil's Memorandum of Law in Support of Motion to Stay (Docket # 70) will be cited herein as "XOM Motion." It will be referred to as "Defendants' motion"

1

non-sequitur.  First, while discovery certainly will be a substantial undertaking in this case, it does not necessarily follow that it should or will be "protracted."  The Defendants have the resources to devote to discovery; the Court has the tools to manage discovery effectively; and there is no reason that discovery should not be accomplished in an efficient and timely manner.  Second, that discovery will be substantial is no reason to delay – it is a reason to get started now, in accordance with the Rules.  Prompt compliance with Rule 26, Local Rule 16.1, and the service of initial discovery requests will focus the parties on the tasks ahead, enable them to begin the process of collecting and reviewing documents and other discovery materials, and hasten the day when the work will be completed.

The Defendants have successfully forestalled the sale of North Slope gas for decades.  They should not be permitted to impede the progress of this case as well. [3]  The Court should deny the motions to stay, should permit discovery to proceed, and should order Defendants to work with the Port Authority to submit a Rule 26(f) report.

## ARGUMENT

### I.    Defendants fail to meet their heavy burden to establish good cause to stay discovery.

The entire basis of Defendants' motions to stay is that they have filed motions to dismiss, and therefore, discovery should be stayed pending resolution of their motions.  They also assert that discovery is expensive and burdensome, and that they should not be subject to discovery before their motions are adjudicated.  "Because all or some of the Port Authority's claims may be dismissed, it would be pointless and wasteful for the parties to proceed with a Rule 26(f)

---

because BP incorporated all of the arguments made by ExxonMobil.  (*See* BPXA and BP p.l.c.'s Memorandum of Law in Support of Motion to Defer Rule 26(f) Conference and Stay Discovery at 1 (Docket #73).)

[3] It is worth noting that it has been almost 17 years since the Exxon Valdez oil spill, but the jury's damage award is still tied up by ExxonMobil's appeals.

conference or file a Rule 26(f) report prior to disposition of ExxonMobil and BP's motions."

(XOM Motion at 3.)  Rule 12(b) provides for no such obstruction to discovery.

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery.  4 J. Moore, Federal Practice §  26.70[2], at 461.  Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  Defendants base their request to block discovery and to ignore the Rules of this Court on nothing other than the fact that they have filed motions, and that discovery may be expensive and burdensome.  Such justification is plainly insufficient to derail the ordinary progress of litigation.  A motion to stay should be denied where, as in this case, the defendant "has done no more than to argue in conclusory fashion that its motion to dismiss will succeed."  *Skellerup Industries Ltd v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995).

Contrary to Defendants' assertion that courts "routinely grant stays of all discovery pending rulings on motions to dismiss or other dispositive motions," (XOM Motion at 3), such stays are far from "routine," and defendants seeking such extraordinary relief must do more than cite the filing of a Rule 12(b)(6) motion.  A stay of discovery should only be granted where "good cause" is shown, and only after the moving party satisfies its "heavy burden of making a 'strong showing' of why discovery should be denied."  *Turner Broadcasting System Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1977); *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules

defendants were required to carry a heavy burden of showing why discovery was denied.").[4] "To show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim." *Twin Cities Fire Ins. Co. v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

The same basis offered by Defendants for the present motion can be offered by *any* defendant that files a motion to dismiss. Permitting a stay of discovery on this ground would contravene the purpose of the Federal Rules and this Court's Local Rules – to move cases along as expeditiously as possible. *See Gray*, 133 F.R.D. at 40. Defendants offer no extraordinary circumstance that would differentiate this case from every other action in which defendants file motions under Rule 12(b)(6). "Some extraordinary justification must be shown to satisfy the good cause requirement." *Twin Cities*, 124 F.R.D. at 653. The fact that this is an antitrust case does not relieve Defendants of this burden. "In antitrust cases in particular, the Supreme Court has stated that 'dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly.'" *George Haug Co. v. Rolls Royce Motor Cars, Inc.*, 148 F.3d 136, 139 (2d Cir. 1998) (citing *Hospital Building Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746 (1976)).

The reason filing a motion to dismiss is insufficient to support a stay of discovery is simple. Requests for stays on this basis require the court to make a preliminary finding on the likelihood of success of the motion to dismiss, which circumvents the procedure for hearing Rule 12(b)(6) motions. *See Gray*, 133 F.R.D. at 40; *see also Twin Cities*, 124 F.R.D. at 653. Cases in which a stay might conceivably be appropriate are only those "where the complaint was utterly

---

[4] The case cited by Defendants for the proposition that "Courts regularly stay discovery where the pending motion to dismiss challenges the sufficiency of the alleged claims," (XOM Motion at 5 n.3), in fact *denied* a motion for a protective order, for failure to demonstrate the requisite good cause. *See Pacific Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 354 (N.D. Cal. 2003).

4

frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value."
*Gray*, 133 F.R.D. at 40; *see also Skellerup*, 163 F.R.D. at 601.  Defendants have not classified
the Port Authority's complaint in such terms – and cannot do so.  Therefore, the pendency of
their motion to dismiss alone cannot serve as sufficient basis for a motion to stay.

      Recognizing their inability to show why discovery should be denied, Defendants imply
that it is the Port Authority's burden to establish that discovery should proceed.  "The Port
Authority, moreover, can neither make a colorable claim of irreparable injury from delay nor
state any other need for proceeding with discovery."  (XOM Motion at 5.)  Not surprisingly, no
authority is offered to support this novel assertion.  As shown above, it is the *defendant's* burden
to demonstrate why discovery should not proceed, not the plaintiff's responsibility to establish
that discovery is proper.  *See, e.g.*, *Turner Broadcasting*, 175 F.R.D. at 556.

      In terms of the "expense" and burden that Defendants repeatedly cite, discovery involves
burdens for all parties, and it can be expensive for plaintiffs and defendants of every size.
However, simple invocation of the terms "burden" and "expense" is not enough to justify a stay
of discovery.  "[A] showing that discovery may involve some inconvenience and expense does
not suffice to establish good cause."  *Twin Cities*, 124 F.R.D. at 653.  Of course, in light of the
importance of this litigation and their long delay in bringing gas to market, the argument that BP
and ExxonMobil – flush with unprecedented profits – face an undue burden and expense by
starting discovery when the Rules require it is difficult to credit.

      In terms of burdens, it is important to note that Defendants are not seeking relief from
compliance with any particular discovery requests issued by the Port Authority, because no
requests have issued.  Rather, Defendants are asking the Court to be relieved from even
discussing the framework of discovery.  Defendants seek to be excused from the most basic

5

elements of discovery, such as submission of initial disclosures and the formulation of a discovery plan. The requirement of the Local Rules that the parties meet and prepare a joint report surely cannot impose the type of "oppression, or undue burden or expense" from which Defendants seek protection. (*See* XOM Motion at 3.)

## II.    Defendants' authorities do not support their claim that discovery should be stayed.

None of the decisions cited by Defendants involved a motion to stay based solely on the bald fact that motions to dismiss are pending – the only justification for the present motion – and they lend no support to Defendants' assertion that discovery should be stayed in this litigation.

In *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987), the Ninth Circuit addressed the plaintiff's request for discovery in the context of a complaint that twice had been found legally insufficient, and had been dismissed without further leave to amend. The court found that denial of discovery was proper in the context of that case – where the complaint had been found fatally deficient on two separate occasions. This situation is plainly distinguishable from the present case, where Defendants seek to preclude discovery at the very inception of the litigation.

In *Alaska Cargo Transp. Corp. v. Alaska R.R. Corp.*, 5 F.3d 378 (9th Cir. 1993), the district court granted a stay of discovery for two reasons: (1) the basis for the motion to dismiss was lack of subject matter jurisdiction – the defendant was an arm of the State of Alaska, and thus, subject to Eleventh Amendment immunity; and (2) the plaintiff engaged in delay in responding to the motion to dismiss. *Id.* at 383. The fact that subject matter jurisdiction and immunity were primary questions in *Alaska Cargo* was central to the decision, because complaints where "jurisdiction, venue, or immunity are preliminary issues" are among the few situations in which a motion to dismiss may permit a stay of discovery. *Turner Broadcasting*,

175 F.R.D. at 556; *see also Wenger v. Monroe*, 282 F.3d 1068, 1072 (9th Cir. 2002) (complaint itself revealed lack of subject matter jurisdiction; the case involved "non-reviewable military personnel decisions").[5]  In this case, neither jurisdictional / immunity issues nor delay by the plaintiff are present.

Defendants also cite *SEC v. Seaboard Corp.*, 677 F.2d 1315 (9th Cir. 1982), for the proposition that a defendant has the right to challenge a complaint without subjecting itself to discovery.

> Although discovery had not taken place when this motion was granted, [the bank] "has the right under Rule 12(b) … to challenge the legal sufficiency of the complaint's allegations against (it), without subjecting (it)self to discovery procedures."  Though *it is generally true that what amounts to summary judgment should not be granted until the opposing party has been afforded discovery*, our review of the record tells us that discovery would have been fruitless and that it therefore would be impossible for [appellant] to cure the defect in its cross-claim by amendment.

*Id.* at 1316 (internal citations omitted) (emphasis added).  In that case, the appellant filed a cross-claim against a bank, and the bank moved to dismiss.  The court granted the motion to dismiss because the cross-claim at issue amounted to nothing more than an allegation that the bank held an agency account for a principal defendant.

> The district court found that the cross-claim 'contain(ed) no allegations whatsoever concerning any alleged conduct of [the bank].'  There were no allegations of 'specific wrongdoing, misconduct, or failure to act' on [the bank's] part.  Its only relationship to the litigation was that it held an agency account for Rawlings, one of the principal defendants.

---

[5] See also *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978) (complaint dismissed on grounds of ripeness); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (discovery stayed while issue of immunity was decided).

*Id.* (citing the district court opinion).  In stark contrast to the cross-claim in *Seaboard*, the Complaint in this case contains extensive factual allegations relating to Defendants' anticompetitive conduct.

Thus, the decisions on which Defendants rely – cases in which complaints had been dismissed multiple times, complaints presenting issues of subject matter jurisdiction, and frivolous claims – involve circumstances wholly absent from this litigation and do not support Defendants' contention that a stay of discovery is warranted here.

## CONCLUSION

For the foregoing reasons, this Court should deny the motions to stay, and should order the parties in this case to proceed with discovery as required by the Rules of Civil Procedure and the Rules of this Court.


Dated:  April 28, 2006                    Respectfully submitted,

                                           s/John F. Cove, Jr.

                                          David Boies
                                          Robert Silver
                                          John F. Cove, Jr.
                                          Kenneth F. Rossman IV
                                          BOIES, SCHILLER & FLEXNER LLP
                                          1999 Harrison St., Suite 900, Oakland, CA 94612
                                          510.874.1000; 510.874.1460 (fax)
                                          jcove@bsfllp.com

                                          William M. Walker
                                          WALKER & LEVESQUE, LLC

                                          Charles E. Cole
                                          LAW OFFICES OF CHARLES E. COLE

                                          *Counsel for Plaintiff Alaska Gasline Port Authority*

# Certificate of Service

I hereby certify that on April 28, 2006, a copy of the foregoing document entitled,

**"OPPOSITION TO MOTIONS TO DEFER A RULE 26(f) CONFERENCE AND TO STAY DISCOVERY"**

was served electronically on each of the following:

David Boies, Kevin Barry, John F. Cove, Jr., Kenneth F. Rossman, IV, Robert Silver, William M. Walker, Charles E. Cole, Jeffrey M. Feldman, Paul B. Hewitt, Bradley S. McKim, Ronald C. Redcay, Matthew T. Heartney, Angel L. Tang, Donald B. Craven, William B. Rozell, Douglas J. Serdahely, C. Fairley Spillman, Matthew P. Whitley, and James P. Tuite,

and via U. S. Mail on each of the following:

**Eric J.R. Nichols**
BECK REDDEN & SECREST, LLP
One Houston Center
1221 McKinney Street, Ste. 4500
Houston, TX 77010

**David J. Beck**
BECK REDDEN & SECREST, LLP
One Houston Center
1221 McKinney Street, Ste. 4500
Houston, TX 77010

**L. Nicole White**
BECK REDDEN & SECREST, LLP
One Houston Center
1221 McKinney Street, Ste. 4500
Houston, TX 77010

By: s/John F. Cove, Jr.

BOIES, SCHILLER & FLEXNER LLP
1999 Harrison St., Suite 900, Oakland, CA 94612
510.874.1000; 510.874.1460 (fax)
jcove@bsfllp.com