Donald B. Craven (DC Bar No. 221424)
**AKIN GUMP STRAUSS**
**HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, DC  20036
(202) 887-4000; (202) 887-4288 (fax)
dcraven@akingump.com

David J. Beck (Federal Bar No. 919)
**BECK, REDDEN & SECREST**
1221 McKinney Street, Suite 4500
Houston, TX  77010
(713) 951-3700; (713) 951-3720 (fax)
dbeck@brsfirm.com

William B. Rozell (Alaska Bar No. 7210067)
623 Basin Road
P.O. Box 20730
Juneau, AK  99802
(907) 586-0142; (907) 463-5647 (fax)
bartrozell@aol.com

Douglas J. Serdahely (Alaska Bar No. 7210072)
**PATTON BOGGS LLP**
601 West 5th Avenue, Suite 700
Anchorage, AK  99501
(907) 263-6310; (907) 263-6345 (fax)
dserdahely@pattonboggs.com

*Attorneys for Defendants Exxon Mobil Corporation and*
*ExxonMobil Alaska Production, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE ALASKA GASLINE PORT AUTHORITY, <br><br> Plaintiff, <br><br> v. <br><br> EXXONMOBIL CORPORATION, a New Jersey corporation; EXXONMOBIL ALASKA PRODUCTION, INC., a Delaware corporation; BP P.L.C., a United Kingdom corporation; and BP EXPLORATION (ALASKA) INC., a Delaware corporation, <br><br> Defendants. | Case No. 4:05-cv-00026-RRB <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS EXXON MOBIL CORPORATION AND EXXONMOBIL ALASKA PRODUCTION, INC. TO DEFER A RULE 26(f) CONFERENCE AND REPORT AND STAY DISCOVERY** |

Defendants Exxon Mobil Corporation and ExxonMobil Alaska Production, Inc. (collectively "ExxonMobil") respectfully submit this memorandum in reply to Plaintiff Alaska Gasline Port Authority's opposition ("Opp.") to the motions to defer a Rule 26(f) conference and report and stay discovery.

## ARGUMENT

As described in ExxonMobil's memorandum of law, courts have the inherent authority, as well as broad discretion, to defer discovery pending the outcome of dispositive motions to dismiss. ExxonMobil respectfully requests that the Court exercise that authority to assure that this case proceeds in an orderly and efficient manner and the parties do not expend time and resources engaging in planning and discovery efforts that turn out to be unnecessary.

ExxonMobil, moreover, has met Rule 26(c)'s "good cause" requirement for granting a stay of discovery. Given the nature of the currently pending motions to dismiss, discovery at this juncture would be premature. ExxonMobil's motion to dismiss, as well as the motions filed by BP P.L.C. and BP Exploration (Alaska) Inc. (collectively "BP"), which are set for oral argument on June 2, 2006, raise serious questions not only about the viability of the Port Authority's claims, but whether the Port Authority has the power to assert those claims. The Port Authority acknowledges that a stay is appropriate when a motion to dismiss raises a "preliminary issue" such as subject matter jurisdiction or Eleventh Amendment immunity. Opp. 6. This case presents equally compelling grounds for a stay. Here, the Port Authority's antitrust suit collides squarely with the State's comprehensive program to manage its natural resources and the express preemption provision of the Alaska Stranded Gas Development Act. Similarly, the Port Authority's failure to allege preparedness sufficient to meet the requirements for antitrust

standing raises another threshold issue.  A stay of discovery is appropriate while the Court considers whether the Port Authority is authorized or has standing to bring its claims.

Common sense also dictates that a stay of discovery is warranted.  Although the Port Authority contends that initial discovery should commence immediately, it ignores the reality that the parties are not currently in a position to provide the Court, or each other, with appropriate information required by either Rule 26(a) or Rule 26(f).  Compliance with these rules necessarily requires some certainty as to the scope of the contested claims.

ExxonMobil believes that all of the Port Authority's claims should be dismissed, and at least some of the Port Authority's claims appear to be truly frivolous.  For example, the Port Authority contends that increased industry concentration through mergers and acquisitions violated § 7 of the Clayton Act.  However, the Port Authority does not dispute that the transactions forming the basis of its § 7 claims occurred well-outside the applicable four-year statute of limitations period, but instead argues that the limitations period should be disregarded.  In the face of what would seem to be an unavoidable bar to its § 7 claims, the Port Authority nonetheless seeks to engage immediately in extensive, burdensome discovery of mergers and acquisitions that occurred in the 1990s.  As the Port Authority itself concedes, a stay is appropriate where the complaint is "frivolous, or filed merely in order to conduct a 'fishing expedition.'"  Opp. 4-5.  This is just such a case.

Indeed, under these circumstances, to proceed with a Rule 26(f) conference or to submit a Rule 26(f) report before the Court has had the opportunity to consider which, if any, of the Port Authority's claims should be allowed would be an exercise in futility.  Any discovery plan developed prior to resolution of the motions to dismiss will either be entirely moot, or at least will likely be subject to substantial modification once the Court rules.  Any discovery taken in

the interim may end up being, at best, a waste of time and resources and, at worst, just the type of "fishing expedition" disapproved of in the case law.

In contrast to the Port Authority's position, ExxonMobil suggests a phased approach that would result in more efficient and less burdensome discovery. The parties first should await the Court's disposition of the motions to dismiss. If any claims remain, the parties can then confer regarding how discovery should proceed.

## CONCLUSION

For the reasons stated herein and in ExxonMobil's memorandum of law, the Court should defer the Rule 26(f) conference and report and stay all discovery pending resolution of the motions to dismiss.

Dated:  May 5, 2006

Respectfully submitted,

s/Douglas J. Serdahely

Douglas J. Serdahely
PATTON BOGGS LLP
601 West Fifth Avenue, Suite 700
Anchorage, Alaska  99501
Phone:  (907) 263-6310
Fax:  (907) 263-6345
Email:  dserdahely@pattonboggs.com
Alaska Bar No. 7210072

*Attorney for Defendants Exxon Mobil Corporation and ExxonMobil Alaska Production, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2006, a copy of the Reply Memorandum in Support of Motion of Defendants Exxon Mobil Corporation and ExxonMobil Alaska Production, Inc. to Defer a Rule 26(f) Conference and Report and Stay Discovery was served electronically on the following:

**Kevin Barry**
kbarry@bsfllp.com
skalas@bsfllp.com

**Kenneth F. Rossman, IV**
krossman@bsfllp.com
sphan@bsfllp.com

**William M. Walker**
bill-wwa@ak.net
shelley-wwa@ak.net
karen-wwa@ak.net

**Ronald C. Redcay**
ronald_redcay@aporter.com

**Angel L. Tang**
angel_tang@aporter.com

**Matthew T. Heartney**
matthew_heartney@aporter.com

**John F. Cove, Jr.**
jcove@bsfllp.com

**Jeffrey M. Feldman**
feldman@frozenlaw.com
carper@frozenlaw.com
anderson@frozenlaw.com

**David Boies**
dboies@bsfllp.com

**Robert Silver**
rsilver@bsfllp.com

**Charles E. Cole**
colelaw@att.net

**Bradley S. McKim**
bradley.mckim@bp.com

By:    s/Nina E. Bingham
       Nina E. Bingham, Legal Secretary
       PATTON BOGGS LLP