David Boies
Robert Silver
**BOIES, SCHILLER & FLEXNER LLP**
333 Main Street, Armonk, NY 10504
914.749.8200; 914.749.8300 (fax)
dboies@bsfllp.com; rsilver@bsfllp.com

John F. Cove, Jr.
Kenneth F. Rossman IV
**BOIES, SCHILLER & FLEXNER LLP**
1999 Harrison St., Suite 900, Oakland, CA 94612
510.874.1000; 510.874.1460 (fax)
jcove@bsfllp.com; krossman@bsfllp.com

William M. Walker (SBN 8310155)          Charles E. Cole (SBN 5503004)
**WALKER & LEVESQUE, LLC**               **LAW OFFICES OF CHARLES E. COLE**
731 N Street, Anchorage, AK 99501        406 Cushman Street, Fairbanks, AK 99701
907.278.7000; 907.278.7001 (fax)         907.452.1124; 907.456.2523 (fax)
bill-wwa@ak.net                          colelaw@att.net

*Counsel for Plaintiff Alaska Gasline Port Authority*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA GASLINE PORT AUTHORITY,<br><br>                              Plaintiff,<br><br>     v.<br><br>EXXONMOBIL CORPORATION, a New Jersey corporation; EXXONMOBIL ALASKA PRODUCTION, INC., a Delaware corporation; BP P.L.C., a United Kingdom corporation; and BP EXPLORATION (ALASKA) INC., a Delaware corporation,<br><br>                              Defendants. | CASE NO.:  4:05-cv-00026-RRB<br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE JUDGMENT AND FOR LEAVE TO FILE AMENDED COMPLAINT** |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     Introduction**

On December 19, 2005, the Alaska Gasline Port Authority (the "Port Authority") filed a

Complaint in this action against Defendants ExxonMobil Corporation, ExxonMobil Alaska

Production, Inc., BP p.l.c., and BP Exploration (Alaska), Inc.  The Complaint alleged a number

of antitrust violations and related claims, based on the Defendants' unlawful group boycott and

joint refusal to sell natural gas from Alaska's North Slope to the Port Authority.  On February 8,

2006 and February 22, 2006, the Defendants moved to dismiss the Complaint on various

grounds.  The Court granted those motions on June 19, 2006 and entered judgment on July 13,

2006.  Because the Port Authority can amend its Complaint to state a claim, the Port Authority

requests that the Court set aside its judgment and grant permission to file an Amended

Complaint.  A copy of the Port Authority's proposed Amended Complaint is attached to this

memorandum as Exhibit 1.

**II.     Argument**

Following a district court's entry of judgment on the dismissal of a complaint, a plaintiff

may amend its complaint under Federal Rule of Civil Procedure 15(a) only after the judgment

has been set aside or vacated pursuant to Rule 59(e) or Rule 60(b) and the court has granted

leave to amend.  *Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1139 (7th Cir. 1987);

*Roque v. City of Redlands*, 79 F.R.D. 433, 436 (C.D. Cal. 1978).  Once the district court has

entered judgment on the dismissal of a complaint, the proper procedure for seeking leave to

amend is to file a Rule 59(e) motion to set aside the judgment, combined with a Rule 15(a)

motion requesting leave to amend.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)

(reversing denial of motions to set aside dismissal judgment and for leave to amend); *SEC v.*

*Burns*, 614 F. Supp. 1360, 1360-62 (S.D. Cal. 1985) (setting aside judgment and granting leave to amend).  In evaluating a motion to set aside judgment to permit the amendment of a complaint, a district court considers the merits of the plaintiff's request for leave to amend. *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (D.C. Cir. 1994).

The grant or denial of a motion to amend lies within the discretion of the court, but the exercise of such discretion should incorporate Rule 15(a)'s mandate that leave to amend shall be freely given.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Otto*, 814 F.2d at 1139.  "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."  *Foman*, 371 U.S. at 182 (district court abused its discretion in refusing to permit plaintiff to amend after entry of judgment dismissing the complaint).  The Ninth Circuit has stressed the policy of favoring amendments, holding that a trial court "should be guided by the underlying purpose of Rule 15(a) … to facilitate decisions on the merits, rather than on technicalities or pleadings."  *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001)).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

A plaintiff "ought to be afforded an opportunity to test his claim on the merits.  In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should be freely given.  *Foman*, 371 U.S. at 182; *Eminence Capital*, 316 F.3d at 1051.  Not all of these factors merit equal weight; prejudice is the most significant consideration. *Eminence*

*Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under Rule 15(a).") (citing cases).

Given the early stage of litigation and the fact that discovery has not yet begun, Defendants cannot claim that they will suffer prejudice by virtue of the Port Authority's amendment.  Nor can Defendants claim that undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies by previous amendments are present in assessing whether the Port Authority should be granted leave to amend.  Thus, futility is the only factor that could serve as a basis for denying the Port Authority's request.  In light of Rule 15(a)'s mandate that leave to amend shall be freely granted, dismissal without leave to re-plead is not appropriate unless it is clear that the complaint cannot not be saved by amendment.  *Eminence Capital*, 316 F.3d at 1052.

The Ninth Circuit has made it clear that the bar to establish futility is quite high, especially when there has been no responsive pleading and no prior amendments.  *See, e.g.*, *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (same).  The fact that curing deficiencies in a dismissed complaint may be difficult – or almost "impossible" – is immaterial.  "We are unwilling to anticipate what theory an ingenious but fair pleader might produce and what constellation of facts might be alleged that might overcome the bar."  *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995).

In *Doe*, a confidential informant was assisting the FBI in undercover work laundering money for the Medellín Cartel.  After the FBI arrested two cartel members, based on information

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO SET ASIDE JUDGMENT AND FOR LEAVE TO FILE AMENDED COMPLAINT
*Alaska Gasline Port Authority v. ExxonMobil Corp., et al.*, No. 4:05-cv-00026-RRB

provided by Doe, it attempted to recruit the two to become informants.  As part of its efforts to

persuade the cartel members, the FBI revealed Doe's identity to them.  Doe alleged that this

disclosure placed him and his family at serious risk of death, and he sued for breach of fiduciary

duty and other claims under the Federal Tort Claims Act ("FTCA").  The government moved to

dismiss the complaint on the ground that the district court lacked jurisdiction because of the

United States' sovereign immunity.  The district court agreed and dismissed the case with

prejudice.  On appeal, the Ninth Circuit reversed, holding that the plaintiff should be permitted to

re-plead, despite the challenges to stating a claim.  The majority noted that amendment might be

futile: "[t]he dissenting opinion vigorously portrays the difficulties the plaintiff faces in

successfully amending his complaint to overcome the barrier of sovereign immunity as it is

preserved in the Federal Tort Claims Act; indeed the dissent maintains that successful

amendment is impossible."  *Doe*, 58 F.3d at 497.  Despite the difficulty in stating a claim, the

court in *Doe* held that the plaintiff should nonetheless be allowed to re-plead.  In this case, as the

attached Amended Complaint demonstrates, successful amendment is neither difficult nor

impossible.

Indeed, amendment is not futile here.  In the Amended Complaint, the Port Authority has

pled additional facts that demonstrate its preparedness to enter the relevant markets for the

transportation and sale of North Slope natural gas.  The Amended Complaint also supplements

allegations regarding the Stranded Gas Development Act (the "SGDA"), establishing that the

Port Authority is not required to proceed with its project under the Act.  Further, the prayer for

relief has been clarified to avoid any potential conflict between the relief the Port Authority

seeks and the purpose of the SGDA.  Therefore, the current lawsuit is not preempted by the Act.

In addition, nothing in the SGDA precludes the Port Authority's claims for damages arising from

the Defendants' anticompetitive conduct.  *See* AS §§ 43.82, *et. seq.*  Because the Amended

Complaint cures any deficiencies found in the prior Complaint, amendment cannot be considered

futile.

## III.    Conclusion

Based on Rule 15(a)'s mandate that leave to amend "shall be freely given when justice so

requires" and the liberal interpretation of this Rule by the Ninth Circuit, the Plaintiff respectfully

requests that the Court set aside the judgment and permit the Port Authority to file the attached

Amended Complaint.

Dated:  July 27, 2006                         Respectfully submitted,

                                              s/John F. Cove, Jr.

                                              David Boies
                                              Robert Silver
                                              John F. Cove, Jr.
                                              Kenneth F. Rossman IV
                                              BOIES, SCHILLER & FLEXNER LLP
                                              1999 Harrison St., Suite 900, Oakland, CA 94612
                                              510.874.1000; 510.874.1460 (fax)
                                              jcove@bsfllp.com

                                              William M. Walker
                                              WALKER & LEVESQUE, LLC

                                              Charles E. Cole
                                              LAW OFFICES OF CHARLES E. COLE

                                              *Counsel for Plaintiff Alaska Gasline Port Authority*

# Certificate of Service

I hereby certify that on July 27, 2006, a copy of the foregoing document entitled**,**

**MOTION TO SET ASIDE JUDGMENT AND FOR LEAVE TO FILE AMENDED COMPLAINT**

was served electronically on each of the following:

David Boies, Kevin Barry, John F. Cove, Jr., Kenneth F. Rossman, IV, Robert Silver, William M. Walker, Charles E. Cole, Jeffrey M. Feldman, Paul B. Hewitt, Bradley S. McKim, Ronald C. Redcay, Matthew T. Heartney, Angel L. Tang, Donald B. Craven, William B. Rozell, Douglas J. Serdahely, C. Fairley Spillman, Matthew P. Whitley, G. Seth Beal, David J. Beck, Benjamin W. Hulse, James Langan, Eric J.R. Nichols, L. Nichol White, David J. Zott, and James P. Tuite.

By:  s/Kevin J. Barry.

BOIES, SCHILLER & FLEXNER LLP
1999 Harrison St., Suite 900, Oakland, CA 94612
510.874.1000; 510.874.1460 (fax)
kbarry@bsfllp.com