Donald B. Craven (DC Bar No. 221424)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, DC  20036
(202) 887-4000; (202) 887-4288 (fax)
dcraven@akingump.com

David J. Beck (Federal Bar No. 919)
**BECK, REDDEN & SECREST**
1221 McKinney Street, Suite 4500
Houston, TX  77010
(713) 951-3700; (713) 951-3720 (fax)
dbeck@brsfirm.com

William B. Rozell (Alaska Bar No. 7210067)
623 Basin Road
P.O. Box 20730
Juneau, AK  99802
(907) 586-0142; (907) 463-5647 (fax)
bartrozell@aol.com

Douglas J. Serdahely (Alaska Bar No. 7210072)
**PATTON BOGGS LLP**
601 West 5th Avenue, Suite 700
Anchorage, AK  99501
(907) 263-6310; (907) 263-6345 (fax)
dserdahely@pattonboggs.com

*Attorneys for Defendant Exxon Mobil Corporation and ExxonMobil Alaska Production, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE ALASKA GASLINE PORT AUTHORITY,<br><br>Plaintiff,<br><br>vs.<br><br>EXXON MOBIL CORPORATION, a New Jersey corporation; EXXONMOBIL ALASKA PRODUCTION, INC. a Delaware corporation; BP P.L.C. a United Kingdom corporation; and BP EXPLORATION (ALASKA) INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:05-cv-00026-RRB<br><br>**OPPOSITION OF DEFENDANTS EXXON MOBIL CORPORATION AND EXXONMOBIL ALASKA PRODUCTION, INC. TO PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT** |

After this Court entered final judgment dismissing this action, Plaintiff, the Alaska Gasline Port Authority (the "Port Authority"), filed a consolidated Motion to Set Aside Judgment and for Leave to File Amended Complaint (Docket No. 89).  The civil clerk's office advised the Port Authority that it could not combine those two requests in a single motion.  The clerk's office

50274v1

directed the Port Authority to re-file, as a separate motion, the portion seeking leave to file an amended complaint. Thus, the Port Authority's original motion is now limited to a request to set aside the judgment under Federal Rule of Civil Procedure 59(e). This opposition responds to that request and the arguments in the Port Authority's supporting memorandum (Docket No. 90).

## BACKGROUND

In December 2005, the Port Authority sued Exxon Mobil Corporation and ExxonMobil Alaska Production, Inc. (collectively, "ExxonMobil") and BP p.l.c. and BP Exploration (Alaska), Inc. (collectively, "BP"), alleging that they had violated federal and state law by conspiring to refuse to sell it North Slope natural gas. Compl. (Docket No. 1). In February 2006, ExxonMobil and BP filed separate motions to dismiss (Docket Nos. 30 & 33). In its motion, ExxonMobil's principal contentions were that (1) the Port Authority's suit conflicted with, and therefore was preempted by, the Alaska Stranded Gas Development Act and (2) the Port Authority had failed to plead facts sufficient to show that it had antitrust standing to sue. Mem. of Law in Supp. of Mot. to Dismiss of Exxon Mobil Corp. and ExxonMobil Alaska Production, Inc. at 12-26, 42-47 (Docket No. 34).

In response to the motions to dismiss, the Port Authority did not exercise its right under Federal Rule of Civil Procedure 15 to amend its complaint but instead insisted that the complaint, as originally filed, was sufficiently pled to avoid dismissal. *See* Consolidated Opp'n of the Alaska Gasline Port Authority to Mots. to Dismiss of Exxon Mobil Corporation and ExxonMobil Alaska Production, Inc. (#33), BP p.l.c. (#44), and BP Exploration (Alaska) Inc. (#30) at 1 (Docket No. 55) ("As is plain from its face, the Complaint provides much more than Rule 8 requires in stating proper bases for its claims.").

After briefing and oral argument on the motions to dismiss, the Court issued an order on June 19 dismissing the Port Authority's complaint for failure to state a claim.  *See* Order Granting Defs.' Mots. to Dismiss (Docket No. 84).  The Port Authority again chose to forgo its right, before entry of final judgment, to amend its complaint.  When the defendants jointly filed a Proposed Final Judgment (Docket No. 85) and a Corrected Proposed Final Judgment (Docket No. 86), the Port Authority declined once more to exercise its right to amend.

On July 13, the Court entered final judgment on the merits.  Corrected Final J. (Docket No. 87).  On July 27, the Port Authority filed its consolidated motions, asserting for the first time that it wished to amend its complaint.

## ARGUMENT

The Port Authority invokes Federal Rule of Civil Procedure 59(e) and asks this Court to vacate its final judgment.  Mem. in Supp. of Mot. to Set Aside J. at 1 ("Mem.") (Docket No. 90).  Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources.'"  *Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  A request to set aside a final judgment under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Carrol*, 342 F.3d at 945.  Thus, Rule 59(e) "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Id.*

The Port Authority makes no attempt to satisfy the stringent requirements for setting aside a final judgment under Rule 59(e).  At the outset of its supporting memorandum, the Port

Authority makes a passing nod to Rule 59(e), noting that, "[f]ollowing a district court's entry of judgment," a plaintiff's ability to amend a complaint can arise "only after the judgment has been set aside or vacated pursuant to Rule 59(e) or Rule 60(b) and the court has granted leave to amend."  Mem. at 1.  But then the Port Authority does not even discuss the standards for deciding whether to set aside a judgment under Rule 59(e), much less try to show that those standards are satisfied here.  The Port Authority identifies no newly discovered evidence, clear legal error, or intervening change in the law that would justify granting the extraordinary remedy of vacating a final judgment.

Instead of addressing the standards governing the re-opening of a final judgment, the Port Authority simply skips over Rule 59(e) to argue that amendment of its complaint is permitted under Rule 15.  Mem. at 2.  The Port Authority's effort to avoid Rule 59(e)'s distinct, threshold inquiry must be rejected.

The law of this jurisdiction, repeatedly affirmed in the plainest terms, is that, "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or Rule 60."[1]  *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996); *see also Burgess v. Sailors' Union of the Pac.*, No. 02-55854, 2003 U.S. App. LEXIS 7677, at *4 (9th Cir. Apr. 22, 2003) (attached as Exhibit 1) ("[Plaintiff], however, and the cases he relies on, fail to recognize that here the motion to amend was not made until after the entry of judgment.  In that posture, we require a plaintiff to reopen a case before amending a pleading."); *Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001) ("It

---

[1]  A court will decide a motion to set aside a judgment under Rule 59 if it is filed within ten days of the entry of final judgment.  *See Swimmer v. IRS*, 811 F.2d 1343, 1344 (9th Cir. 1987).  If filed after that, the motion must be evaluated under Rule 60.  *See* 12 James Wm. Moore et al., Moore's Federal Practice § 60.03[4] (3d ed. 2000).

is clear in the first instance that the judgment would have to be reopened under Federal Rule of Civil Procedure 59(e) before the district court could entertain [the plaintiff's] motion to amend."); *Segal v. Mass. Mut. Life Ins. Co.*, No. 99-17182, 2001 U.S. App. LEXIS 5184, at *3 (attached as Exhibit 2) ("A Rule 15(a) motion to amend a complaint after judgment may be considered 'only if the judgment is first reopened under Rule 59 or 60.'" (quoting *Lindauer*, 91 F.3d at 1357)). Indeed, where as here "final judgment has been entered," it "is well-settled that" a "district court lacks jurisdiction to decide a motion to amend unless and until the judgment is reopened by the granting of a [Rule 59 or] Rule 60 motion." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997) (citing *Lindauer*, 91 F.3d at 1357). This consistent line of Ninth Circuit authority makes clear that the Port Authority's attempt to bypass Rule 59's stringent re-opening requirements to take advantage of the Rule 15 standard for pre-judgment amendments is improper.

In arguing that Rule 15's policies should drive the Rule 59 determination, the Port Authority cites a case from the Seventh, not the Ninth, Circuit – *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994). Mem. at 2. But the Seventh Circuit's decision actually undercuts, rather than supports, the Port Authority's position. In *Harris*, the court rejected the Port Authority's approach, explaining that "the presumption that leave to amend shall be freely given pursuant to Rule 15(a) disappears after judgment has been entered." 27 F.3d at 1287 (citing *First Nat'l Bank v. Continental Illinois Nat'l Bank*, 933 F.2d 466, 468 (7th Cir. 1991)). [2]

---

[2] The Port Authority's citation of the *Harris* case mistakenly indicates that it is a decision of the D.C. Circuit. Mem. at 2. In any event, the law of the D.C. Circuit also is inconsistent with the approach advocated by the Port Authority. That circuit has ruled that, although "Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires,' . . . once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff 'first

Moreover, in *Weeks v. Bayer*, *supra*, the Ninth Circuit rejected the same argument that the Port Authority advances here. In *Weeks*, the former Assistant Director of the Nevada Department of Prisons sued his employer, claiming that he had been fired in retaliation for statements protected by the First Amendment. 246 F.3d at 1234. The employer answered and moved for judgment on the pleadings. *Id.* The *Weeks* plaintiff responded, as did the Port Authority here, "that his complaint was sufficient and made no attempt to amend it." *Id.* Only after the district court granted the employer's motion for judgment on the pleadings did the *Weeks* plaintiff seek leave to amend, arguing that he was entitled to amend his pleadings under the liberal Rule 15 standard. *Id.* at 1236. The Ninth Circuit unambiguously rejected that argument:

> Weeks contends that the district court erred when it denied leave to amend the complaint. In support of this argument, he notes the policy interests that require courts to liberally grant leave to amend. *Cf.* Fed. R. Civ. Pro. 15(a). *But that rationale is inapposite here.* The issue is not leave to amend, as Weeks did not seek to amend his complaint prior to the entry of judgment. The question is whether the court, when it dismissed the case, committed some clear error that required it to reopen that judgment . . . . Faced with a complaint that did not state a cause of action, the district court properly granted judgment on the pleadings. Weeks only sought to amend after he lost and final judgment was entered. Even then, he offered no new evidence, nor did he claim any intervening change in the law. To permit Weeks to amend his complaint post-judgment – particularly in light of the fact that he did not seek to amend during the seven months that the motion for judgment on the pleadings was pending – would simply grant him the forbidden "second bite at the apple."

*Id.* at 1236-37 (emphasis added).

*Weeks* controls here. As in *Weeks*, the Port Authority did not seek to amend its complaint until after it had "lost and final judgment was entered." *Cf. id.* at 1236. More than five and

---

satisfies Rule 59(e)'s more stringent standard' for setting aside that judgment." *Ciralsky v. C.I.A.*, 355 F.3d 661, 673 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996).

one-half months passed between the filing of the motions to dismiss and the Court's order of dismissal. "Once the motion to dismiss was filed, it was up to" the Port Authority "to recognize the need to make any necessary amendments to [its] complaint at the time [it] filed [its] opposition to the motion." *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996). Rather than exercise its right to amend, the Port Authority chose to rest its case on the complaint as originally pled. *See Mayes v. Leipziger*, 729 F.2d 605, 607-08 (9th Cir. 1984) (motion to dismiss is not a responsive pleading and does not extinguish plaintiff's right to amend once as a matter of right). Another 24 days passed between the Court's order of dismissal and the entry of final judgment. Even though the defendants filed two notices of proposed final judgment during that interval, the Port Authority did not exercise its right to amend its complaint. *See id.* (order of dismissal is not a final judgment and does not terminate plaintiff's right to amend). Only "after [it] lost and final judgment was entered" did the Port Authority seek to amend its complaint. *Weeks*, 246 F.3d at 1236.

In light of this procedural history, the Port Authority can hardly claim that it was denied the opportunity to amend its complaint. The Port Authority simply chose not to exercise its right to do so before entry of final judgment. Now, as a result of its own strategic decisions, the Port Authority must satisfy the stringent Rule 59 standards *before* it can seek leave to amend its complaint. The Port Authority, however, has offered nothing – no new evidence, clear error by the Court, or change in the law – to support a determination that the judgment should be set aside under Rule 59(e). Nor could the Port Authority do so. Under these circumstances, re-opening the case to permit the Port Authority to amend "would simply grant [it] the forbidden 'second

bite at the apple,'" *Weeks*, 246 F.3d at 1236, and would undermine the "policy of promoting the finality of judgments," *Lindauer*, 91 F.3d at 1357.

Although ExxonMobil will separately brief the Port Authority's Motion for Leave to Amend, the Court need not address, and in fact lacks jurisdiction to address, the Rule 15 motion unless it first determines that the judgment should be set aside. *See Allmerica*, 139 F.3d at 665; *Lindauer*, 91 F.3d at 1357 ("District court was without power to hear" Rule 15 motion unless case was first re-opened under Rule 59 or 60). Therefore, because the Port Authority has offered no grounds on which the Court could base a decision to set aside the judgment, resolution of the Port Authority's Rule 59 motion necessarily will render moot its Rule 15 request.

## CONCLUSION

The Port Authority's Motion to Set Aside Judgment should be denied.

DATED at Anchorage, Alaska this 11th day of August 2006.

        s/Douglas J. Serdahely
        Douglas J. Serdahely
        PATTON BOGGS LLP
        601 West Fifth Avenue, Suite 700
        Anchorage, Alaska 99501
        Phone: (907) 263-6310
        Fax: (907) 263-6345
        Email: dserdahely@pattonboggs.com
        Alaska Bar No. 7210072

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of August 2006, a copy of the foregoing document was served electronically on:

**Kevin Barry**
kbarry@bsfllp.com
skalas@bsfllp.com

**John F. Cove, Jr.**
jcove@bsfllp.com

**Kenneth F. Rossman, IV**
krossman@bsfllp.com
sphan@bsfllp.com

**Jeffrey M. Feldman**
feldman@frozenlaw.com
carper@frozenlaw.com
anderson@frozenlaw.com

**William M. Walker**
bill-wwa@ak.net
shelley-wwa@ak.net
karen-wwa@ak.net

**David Boies**
dboies@bsfllp.com

**Ronald C. Redcay**
ronald_redcay@aporter.com

**Robert Silver**
rsilver@bsfllp.com

**Angel L. Tang**
angel_tang@aporter.com

**Charles E. Cole**
colelaw@att.net

**Matthew T. Heartney**
matthew_heartney@aporter.com

**Bradley S. McKim**
bradley.mckim@bp.com


By:     s/Maribel Webber
        Legal Secretary/Assistant