63 Fed. Appx. 337, *; 2003 U.S. App. LEXIS 7677, **

WAYNE PERRY BURGESS, Plaintiff - Appellant, v. SAILORS' UNION OF THE PACIFIC, a labor organization, Defendant - Appellee.

No. 02-55854

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

63 Fed. Appx. 337; 2003 U.S. App. LEXIS 7677

April 8, 2003, Argued and Submitted, Pasadena, California
April 22, 2003, Filed

**NOTICE:** [**1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the Central District of California. D.C. No. CV 01-06119 GHK. George H. King, District Judge, Presiding.

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant individual challenged an order of the United States District Court for the Central District of California, which granted summary judgment to appellee union in his action brought under the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C.S. § 401 et seq., and which also denied his motions to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) and for leave to file an amended complaint.

**OVERVIEW:** The action arose from the individual's ouster as a result of a union disciplinary proceeding. The district court held that removal from an elected union office did not constitute discipline under the LMRDA, 29 U.S.C.S. § 411(a)(5), and that the complaint did not state a claim for retaliation under 29 U.S.C.S. § 411(a)(2). The individual argued that, although his claim was expressly labeled as arising under the procedural due process protections of 29 U.S.C.S. § 411(a)(5), the district court erred in concluding that he did not also state a claim for violation of 29 U.S.C.S. § 411(a)(2). The court held that the individual did not allege facts showing that his dismissal was the direct result of his intra-union political activity as required to state a claim under § 411(a)(2). The liberal standard for amending a complaint did not apply because the motion was not made until after the entry of judgment. It was not an abuse its discretion to deny the Fed. R. Civ. P. 59(e) motion where the complaint did not adequately raise the 29 U.S.C.S. § 411(a)(2) claim, and it was not error to fail to consider issues that were not plead but only raised in opposition to summary judgment.

**OUTCOME:** The court affirmed.

**CORE TERMS:** summary judgment, entry of judgment, amend, newly discovered evidence, political activity, unconscionability, retaliation, intra-union, intervening, wrongdoing, inapposite, removal, notice

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Appellate Review > Standards of Review*
*Civil Procedure > Appeals > Standards of Review > De Novo Review*
[HN1] An appeals court reviews a grant of summary judgment de novo.

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
[HN2] An appeals court reviews the denial of a Fed. R. Civ. P. 59(e) motion for abuse of discretion.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Leave of Court*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN3] The rationale requiring courts to liberally grant leave to amend is inapposite after the entry of judgment.

Page 1

Exhibit 1
Page 1 of 3

63 Fed. Appx. 337, *; 2003 U.S. App. LEXIS 7677, **

*Civil Procedure > Judgments > Relief From Judgment > Extraordinary Circumstances*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Civil Procedure > Judgments > Relief From Judgment > Newly Discovered Evidence*

[HN4] In order to succeed on a Fed. R. Civ. P. 59(e) motion, a movant has to demonstrate that the district court was (1) presented with newly discovered evidence, (2) committed clear error, or (3) there was an intervening change in the controlling law. This showing is a high hurdle. A judgment is not properly reopened absent highly unusual circumstances.

*Civil Procedure > Summary Judgment > Opposition > General Overview*
*Civil Procedure > Summary Judgment > Standards > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*

[HN5] District courts do not err in failing to consider issues that have not been plead but only raised in opposition to summary judgment.

**COUNSEL:** For WAYNE PERRY BURGESS, Plaintiff - Appellant: Duke L. Peters, Esq., Los Angeles, CA.

For SAILORS' UNION OF THE PACIFIC, Defendant - Appellee: Glenn Rothner, Esq., ROTHNER, SEGALL & GREENSTONE, Pasadena, CA.

**JUDGES:** Before: PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

**OPINION:**

[*338] MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3.

Before: PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

Wayne Perry Burgess appeals the district court's summary judgment in his action brought under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 [**2] et seq., against the Sailors Union of the Pacific ("SUP"). Burgess sought damages and injunctive relief including reinstatement arising from his ouster, as a result of a union disciplinary proceeding, from his office as Port Agent of the Wilmington, California, branch of the SUP. The district court granted summary judgment to the union on the ground that removal from an elected union office does not constitute discipline under the LMRDA, 29 U.S.C. § 411(a)(5). The district court also found that the complaint did not state a claim for retaliation under § 411(a)(2). After the entry of judgment, Burgess filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), a motion for leave to file an amended complaint under Rule 15(a), and a proposed amended complaint adding a claim under § 411(a)(2). The motions were denied. Burgess appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

[HN1] [*339] We review a grant of summary judgment de novo. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). [HN2] We review the denial of a Rule 59(e) motion for abuse of discretion. Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir. 2001). [**3]

Burgess argues that, although his claim was expressly labeled as arising under the procedural due process protections of § 411(a)(5) and the complaint emphasized procedural violations, the district court erred in concluding that he did not also state a claim for violation of § 411(a)(2). Although the theory stated in the pleading is not controlling, see Haddock v. Bd. of Dental Examiners, 777 F.2d 462, 464 (9th Cir. 1985), Burgess did not allege facts showing that his dismissal was the direct result of his intra-union political activity as required to state a claim under § 411(a)(2). See Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Local 142, 269 F.3d 1042, 1058 (9th Cir. 2001), cert. denied, 535 U.S. 1078, 152 L. Ed. 2d 1021, 122 S. Ct. 1961 (2002). n1 Thus, the district court did not err in its summary judgment ruling.

n1 Citing two Seventh Circuit cases, Burgess also argues that his discovery questions put SUP on notice of his § 411(a)(2) claim. These cases, however, are inapposite. See Sundstrand Corp. v. Standard Kollsman Indus., Inc., 488 F.2d 807, 811-12 (7th Cir. 1973) (holding that the trial was not limited to the specific examples of wrongdoing alleged in the complaint when the plaintiff's answers to interrogatories identified other acts of wrongdoing that it would litigate under the same general theory); Bob Willow Motors, Inc. v. GMC, 872 F.2d 788 at 791-92 (7th Cir. 1989) (rejecting the defendant's argument that it was not on notice of an unconscionability claim where it had previously argued that the unconscionability

63 Fed. Appx. 337, *; 2003 U.S. App. LEXIS 7677, **

claim was "subsumed" in the complaint's wrongful termination claim). Here, the cited deposition questions emphasized bias and did not indicate that Burgess' intra-union political activity directly affected his removal.

[**4]

Burgess also challenges the district court's denial of his post-judgment motions to amend the judgment and the complaint. He contends that, given the lenient amendment standards, the district court should have permitted him to amend his pleading to add the § 411(a)(2) claim. Burgess, however, and the cases he relies on, fail to recognize that here the motion to amend was not made until after the entry of judgment. In that posture, we require a plaintiff to reopen a case before amending a pleading. See Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). [HN3] The rationale requiring courts to liberally grant leave to amend is inapposite after the entry of judgment. Id.

[HN4] In order to succeed on his 59(e) motion, Burgess had to demonstrate that the district court was (1) presented with newly discovered evidence, (2) committed clear error, or (3) there was an intervening change in the controlling law. Id. This showing is a "high hurdle." Id. A judgment is not properly reopened "absent highly unusual circumstances." Id.

Burgess does not argue that newly discovered evidence or an intervening change in law supported his motion. Rather, he argues that the complaint [**5] and motion papers raised the retaliation claim. As previously discussed, the complaint does not adequately raise the claim. Thus, there was no error, much less clear error. In addition, we have held that [HN5] district courts do not err in failing to consider issues that have not been plead but only raised in opposition to summary judgment. See 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Thus, the district court did not abuse its discretion in denying Burgess' Rule 59(e) motion.

[*340] For the foregoing reasons, the judgment of the district court is **AFFIRMED.**