10 Fed. Appx. 451, *; 2001 U.S. App. LEXIS 5184, **

JAY SEGAL, Plaintiff-Appellant, v. MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.

No. 99-17182

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

10 Fed. Appx. 451; 2001 U.S. App. LEXIS 5184

March 15, 2001 **, Submitted, San Francisco, California

** The panel finds this case appropriate for submission without oral argument pursuant to Fed. R. App. P. 34(a)(2).

March 23, 2001, Filed

NOTICE: [**1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

SUBSEQUENT HISTORY: Certiorari Denied November 26, 2001, Reported at: 2001 U.S. LEXIS 10641.

PRIOR HISTORY: Appeal from the United States District Court for the Eastern District of California. D.C. No. CV-98-01264-GEB/PAN. Garland E. Burrell, District Judge, Presiding.

DISPOSITION: AFFIRMED.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff insured appealed from a judgment of the United States District Court for the Eastern District of California that, in the insured's action for benefits under a disability policy, granted summary judgment to defendant insurance company.

OVERVIEW: Under the terms of a disability insurance policy, the amount of benefits and the benefit period could be changed at the insured's election. As a result of an election by the insured, the insured did not receive certain benefits. After concluding that no material issues of fact remained for trial, the district court granted summary judgment for the insurance company. On appeal, the court affirmed. The court found that the district court correctly interpreted the unambiguous terms of the policy. The court said that the recurrent disability provision took into account the earlier disability period with respect to the calculation of certain time periods, but did not forever establish the applicable benefit payment amount or the applicable benefit period for that recurrent injury. The district court did not abuse its discretion in denying the insured's motion to amend the judgment and permit amendment of his complaint because a Fed. R. Civ. P. 15(a) motion to amend a complaint after judgment could be considered only if the judgment was first reopened under Fed. R. Civ. P. 59 or Fed. R. Civ. P. 60.

OUTCOME: The court affirmed the judgment of the district court.

LexisNexis(R) Headnotes

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
[HN1] A Fed. R. Civ. P. 15(a) motion to amend a complaint after judgment may be considered only if the judgment is first reopened under Fed. R. Civ. P. 59 or Fed. R. Civ. P. 60.

COUNSEL: For JAY SEGAL, Plaintiff - Appellant: Douglas K. deVries, Esq., MART & deVRIES, Sacramento, CA.

For MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Defendant - Appellee: James H. Fleming, Esq., FLEMING & PHILLIPS, Walnut Creek, CA.

JUDGES: Before: HAWKINS, MCKEOWN, and WARDLAW, Circuit Judges.

OPINION:

Page 1

Exhibit 2
Page 1 of 2

10 Fed. Appx. 451, *; 2001 U.S. App. LEXIS 5184, **

[*452] MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Correctly concluding that no material issues of fact remained for trial, the district court properly granted summary judgment to Massachusetts Mutual Life Insurance Company ("Mass Mutual"). The district [**2] court correctly interpreted the unambiguous terms of the policy. The recurrent disability provision takes into account the earlier disability period with respect to the calculation of certain time periods, but did not forever establish the applicable benefit payment amount or the applicable benefit period for that recurrent injury. Pursuant to the terms of the policy, the amount of benefits and the benefit period could be changed at the insured's election, as they were in this case, and this intervening change was effective at the time Segal's disability recurred. As Mass Mutual effectively reissued the disability policy in its entirety, Cal. Ins. Code § 10321, which applies to changes "after issuance," is inapplicable. The district court also properly concluded that the modified policy was not an unenforceable exclusion of existing benefits without notice, but simply a change of benefits at the insured's specific request.

Segal has waived his argument that the district court abused its discretion by considering the declarations of two Mass Mutual employees because Segal does not explain in his brief to this court how the district court erred or cite any authority to support his [**3] argument. Fed. R. App. P. 28(a)(9)(A); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 924 (9th Cir. 1988).

Finally, the district court did not abuse its discretion in denying Segal's motion to amend the judgment and permit amendment of his complaint. [HN1] A Rule 15(a) motion to amend a complaint after judgment may be considered "only if the judgment is first reopened under Rule 59 or 60." Lindauer v. Rogers, 91 F.3d 1355, 1356 (9th Cir. 1996). Segal failed to demonstrate a legitimate reason to reopen the judgment, and the court therefore properly denied his motion. See School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir. 1993).

AFFIRMED.