ARNOLD & PORTER LLP
Ronald C. Redcay (Cal. Bar No. 067236)
Matthew T. Heartney (Cal. Bar No. 123516)
Angel L. Tang (Cal. Bar No. 205396)
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199
Ronald_Redcay@aporter.com
Matthew_Heartney@aporter.com
Angel_Tang@aporter.com

KIRKLAND & ELLIS LLP
J. Andrew Langan
David J. Zott
Benjamin W. Hulse
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200
alangan@kirkland.com
dzott@kirkland.com
bhulse@kirkland.com

BP EXPLORATION (ALASKA) INC.
Bradley S. McKim (Alaska Bar No. 0511089)
900 East Benson Boulevard
Anchorage, AK 99508
Telephone:  (907) 564-5154
Facsimile:  (907) 564-4031
mckimbs@bp.com

KIRKLAND & ELLIS LLP
G. Seth Beal
777 South Figueroa Street
Los Angeles, California  90017-5800
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500
sbeal@kirkland.com

*Attorneys for Defendant*
*BP Exploration (Alaska) Inc.*

*Attorneys for Defendant BP p.l.c.*

FELDMAN ORLANSKY & SANDERS
Jeffrey M. Feldman (Alaska Bar No. 7605029)
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:  (907) 272-3538
Facsimile:  (907) 274-0819
feldman@frozenlaw.com

*Attorneys for Defendants*
*BP Exploration (Alaska) Inc. and BP p.l.c.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| THE ALASKA GASLINE PORT AUTHORITY, | ) ) ) | Case No. 4:05-cv-00026-RRB |
| Plaintiff, | ) ) ) | BP EXPLORATION (ALASKA) INC. AND BP p.l.c.'s MEMORANDUM IN OPPOSITION TO AGPA'S MOTION TO |
| v. | ) ) | SET ASIDE JUDGMENT |
| EXXONMOBIL CORPORATION, *et al.*, | ) ) | |
| Defendants. | ) ) ) | Judge:  The Honorable Ralph R. Beistline |

INTRODUCTION

AGPA filed its original complaint on December 19, 2005. [Docket No. 1]. In February 2006, defendants moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss all claims in the complaint. [Docket Nos. 30, 33, & 44]. After hearing oral argument, this Court, on June 19, 2006, granted the motions to dismiss, finding that AGPA failed to state any claim upon which relief could be granted. [Docket No. 84]. Approximately one month later, on July 13, 2006, the Court entered final judgment in favor of defendants. [Docket No. 87].

At no time following the filing of the motions to dismiss and prior to entry of final judgment did AGPA ever attempt to amend its complaint, even though prior to the final judgment such an amendment would have been allowed as a matter of right. Fed. R. Civ. P. 15(a). Nor did AGPA oppose entry of the final judgment.

Instead, AGPA sat on its hands for five months after defendants identified the fatal problems with the complaint, including the time between the Court's decision granting defendants' motions and the entry of judgment. Only *after* entry of the final judgment did AGPA move for permission to amend the complaint. [Docket No. 89]. AGPA's delay, however, has changed the standards for deciding its motion. AGPA now must satisfy the standards of Rule 59(e) to have the judgment set aside, before the Court may rule on the motion to amend the judgment. Nonetheless, AGPA's memorandum improperly invokes the liberal standards for amendment under Rule 15(a), which apply *before* final judgment [Docket No. 90-1, at 2], but which no longer apply after final judgment is entered [*see infra* at 3-].

AGPA has not met any of the recognized criteria required by the Ninth Circuit for the extraordinary relief of setting aside a final judgment under Rule 59(e). Indeed, it makes no

attempt to do so.   Accordingly, this Court should deny AGPA's motion to set aside the judgment.[1]

ARGUMENT

I.    THE COURT SHOULD DENY AGPA'S MOTION TO SET ASIDE THE FINAL JUDGMENT

   A.    A Rule 59(e) Motion Should Not Be Granted Absent "Highly Unusual Circumstances" Establishing One of Three Recognized Conditions

Rule 59(e) permits a court to vacate a judgment after its entry only in "highly unusual circumstances."  *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)).  Rule 59(e) is intended to provide an "extraordinary remedy," to be used "sparingly in the interests of finality and conservation of judicial resources."  *Kona Enterprises,* 229 F.3d at 890 (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)).

Under well-established Ninth Circuit law, a party seeking to have a judgment vacated must show that one of three conditions is present:  (1) newly discovered evidence requires that the judgment be vacated; (2) the court committed clear error or made an initial decision that was manifestly unjust; or (3) an intervening change in controlling law requires a new result.  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  Because these three requirements under Rule 59(e) create a "high hurdle" for the moving party to overcome (*Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)), the grounds for reopening judgment must be

---

[1]    AGPA concedes that, after final judgment is entered, it must satisfy the standards of Rule 59(e) and have the judgment set aside, before the Court may rule on the motion to amend the complaint.  [Docket No. 90-1, at 1].  AGPA attempted to have this Court rule simultaneously on its Rule 59(e) motion and its motion for leave to file an amended complaint, but the clerk directed AGPA to file a separate motion for leave to amend the complaint.  This opposition, therefore, responds only to the Rule 59(e) motion to set aside the judgment.  As discussed below, AGPA has not met any of the standards for vacating a judgment.

stated with "particularity." *Martinez v. Trainor*, 556 F.2d 818, 819-20 (7th Cir. 1977); Fed. R. Civ. P. 7(b)(1).

A Rule 59(e) motion may not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The decision of whether to grant a motion to set aside judgment is committed to the sound discretion of the court and will be reviewed only for abuse of discretion. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

B.  AGPA States No Grounds In Support Of Its Motion To Set Aside Judgment

Despite Rule 59(e)'s stringent requirements, AGPA fails to explain how its motion provides even a *single* ground to support its extraordinary request. In fact, other than claiming, in the first paragraph of its motion, that it "moves" pursuant to Rule 59(e), AGPA completely fails to address the rule or its attendant requirements. Instead, AGPA submits what is in substance a motion for leave to file an amended complaint pursuant to Rule 15(a).

The liberal standards by which amendment should be permitted before a final judgment do *not* apply after the judgment is entered. *Weeks,* 246 F.3d at 1236 (calling the policy interests that require courts to liberally grant leave to amend "inapposite" after judgment is entered); *Zarcone v. United States*, 2004 WL 2196560 at * 2-3 (N.D. Cal. Sept. 27, 2004) (same) (citing *Weeks*, 246 F.3d at 1236) (attached as Exhibit 1); *Illinois Conf. of Teamsters & Employers Welfare Fund v. Steve Gilbert Trucking,* 71 F.3d 1361, 1368 (7th Cir. 1995) ("It is well established that the presumption that leave to amend shall be freely given pursuant to Rule 15(a)

disappears after the entry of judgment.").[2]  None of the Ninth Circuit cases that AGPA cites that address the Rule 15(a) standard for allowing amendment involves a post-judgment motion to amend.[3]

      This Court may not even consider AGPA's Rule 15(a) motion for leave to amend unless it first finds a basis to warrant reopening the judgment under Rule 59(e).  *Weeks*, 246 F.3d at 1236 ("It is clear [] that the judgment would have to be reopened, under Federal Rule of Civil Procedure 59(e), before the district court could entertain [plaintiff's] motion to amend.") (citing *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996); *Allmerican Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1998) ("It is well-settled that once final judgment has been entered, the district court lacks jurisdiction to decide a motion to amend unless and until the judgment is reopened . . . .").  Moreover, a Rule 59(e) motion to vacate a judgment for the purpose of reopening the case so that a motion to amend the complaint could be filed should be denied when it is clear that the claims cannot be saved by amendment.  *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 55 (2d Cir. 1995) (holding that the district court committed no error in denying

---

[2]      In arguing that the Court should consider the Rule 15 standards in determining a Rule 59 motion, AGPA cites *Harris v. City of Auburn,* 27 F.3d 1284, 1287 (7th Cir. 1994).  [Docket No. 90-1, at 2].  But, AGPA misreads the case.  The *Harris* court explicitly rejects AGPA's approach and explains, "the presumption that leave to amend shall be freely given pursuant to Rule 15(a) disappears after judgment has been entered."  *Id.* (citing *First Nat'l Bank v. Cont'l Illinois Nat'l Bank*, 933 F.2d 466, 468 (7th Cir. 1991)).

[3]     *Foman v. Davis*, 371 U.S. 178 (1962), which AGPA cites [at Docket No. 90-1, p. 2] does not address the standards for vacating judgment under Rule 59(e).  The *Foman* opinion does not even suggest that the defendants in that case raised a separate Rule 59 issue, perhaps because, unlike in this case, the district court had entered judgment the same day as it granted the motion to dismiss giving the plaintiff no opportunity to proceed under Rule 15.  *Foman* is not inconsistent with the many Ninth Circuit and district court opinions decided in the 44 years since *Foman* (and the countless decisions from other Circuits as well) that require a movant seeking post-judgment amendment to satisfy Rule 59 before the court considers whether the proposed amended complaint would satisfy Rule 15.

a Rule 59(e) motion because "[o]ne good reason to deny leave to amend is when such leave would be futile").

Because AGPA has failed to set forth any ground for setting aside the judgment, its Rule 59(e) motion should be denied.

1.     *AGPA Does Not, and Cannot, Point to the Discovery of New and Material Evidence*

A party seeking to vacate a judgment on the basis of newly discovered evidence must demonstrate that such evidence: (1) is material; and (2) was previously unavailable. *Zimmerman*, 255 F.3d at 740 ("[A] party that fails to introduce facts [] cannot introduce them later in a [Rule 59(e) motion] by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable."); *U.S. v. Metro. St. Louis Sewer Dist*., 440 F.3d 930, 933 (8th Cir. 2006) (stating newly discovered evidence must also be "material").

Here, AGPA has not asserted that it has discovered material new facts that previously were unavailable.  AGPA claims only that it has pled "additional facts" that "cure [] any deficiencies found in the prior Complaint."  [Docket No. 90-1, at 5-6].  It does not identify those facts or demonstrate that they were not available at any time before the final judgment was entered.[4]  Moreover, it does not explain why those facts are material or how they cure the many deficiencies in the prior complaint.

Review of the proposed amended complaint fails to disclose *any* facts that meet these demanding standards.  Comparing the original and proposed amended complaint reveals that the

---

[4]     Nor does AGPA explain why it did not attempt to file an amended complaint before judgment was entered.  A possible explanation is that AGPA at that time had made the tactical decision to appeal.  *See* The Alaska Journal of Commerce Online, July 9, 2006 ("The port authority also said it intends to appeal U.S. District Court judge Ralph Beistline's dismissal of its antitrust lawsuit."), alaskajournal.com/stories/070906/og_20060709017.shtml.

principal factual differences fall into two general areas. First, AGPA attempts an abrupt about-face with regard to its claim to have complied with the Stranded Gas Development Act ("SGDA"). AGPA originally alleged that its application under the SGDA was pending and that negotiations with the Governor were underway at the time it filed its complaint in 2005. [Complaint ¶ 96 (Docket No. 1)]. In the proposed amended complaint, AGPA alleges that it effectively abandoned its SGDA application in 2004 and chose to proceed without seeking fiscal benefits under the SGDA. [Proposed Amended Complaint ¶¶ 90-91]. Whichever version is true, nothing that happened in 2004 qualifies as a "new" fact.[5] Second, AGPA attempts to bolster its complaint with additional allegations about its purported preparedness to enter the market. [Proposed Amended Complaint ¶¶ 92-114]. These also are not new or newly discovered facts, given that all of the events occurred before this Court entered final judgment.[6]

In sum, AGPA has not met the first possible ground for vacating a final judgment.

### 2. *AGPA Cannot Demonstrate Clear Error or Manifest Injustice*

To establish that a court committed "clear error" sufficient to warrant a setting aside of the judgment, the movant must demonstrate that it previously presented the court with a request

---

[5] Further, from a procedural standpoint, AGPA may only amend its complaint to allege new facts consistent with, and not contradictory to, the allegations of its original complaint. *Reddy v. Litton Indus. Inc.,* 912 F.2d 291, 296-97 (9th Cir. 1990); *CFA N. Cal., Inc. v. CRT Partners LLP,* 378 F. Supp. 2d 1177, 1184 (N.D. Cal. 2005).

[6] The newly-added facts in each of these two areas are not material. AGPA's about face on the SGDA at ¶¶ 91-92 are insufficient to escape this Court's determination regarding the preemptive impact of the Act. [Docket No. 84, at 12-14]. The additions in ¶¶ 92-114 do not establish preparedness sufficient to meet the Ninth Circuit cases on which this Court relied in dismissing the complaint. Moreover, AGPA's proposed amended complaint does not even attempt to address other deficiencies identified in this Court's order granting dismissal, including, for example that "Plaintiff's antitrust claims also fail because they do not satisfy the most basic element of any antitrust claim -- that the alleged wrongful conduct injured competition in an existing and relevant economic market." [Docket No. 84, at 8 n. 21]. Because AGPA fails to satisfy the "new evidence" requirement, there is no need to analyze the lack of materiality. BPXA reserves detailed discussion of the flaws in the proposed amended complaint for its response to the motion to amend.

---

for relief. *389 Orange Street Partners*, 179 F.3d at 665 (finding no error in denying a Rule 59(e) motion when the movant had not sought relief prior to entry of judgment); *see also id.* at 665 n.4 ("Justice is not served by permitting a litigant to drop the ball in his lawsuit and seek to have it resurrected - at the expense of the other parties and the tax paying public . . . ."). The Ninth Circuit has applied that rule when the plaintiff seeks to reopen judgment so that he may then amend his complaint. *See, e.g., Weeks*, 246 F.3d at 1236 ("[T]he district court did not clearly err [in deciding to deny plaintiff's request to vacate judgment to allow for the amendment of the complaint]. To permit [plaintiff] to amend his complaint post-judgment - particularly in light of the fact that he didn't seek to amend during the seven months that the motion for judgment on the pleadings was pending - would grant him the forbidden 'second bite at the apple.'"); *Zimmerman*, 255 F.3d at 740 (finding district court committed no error in denying leave to file an amended complaint when the issue of amendment was raised for the first time in a Rule 59(e) motion).

That controlling case law establishes that AGPA has not and cannot meet the "clear error" standard, because, before this Court entered the final judgment, AGPA never attempted to file an amended complaint or requested that this Court grant leave to amend. AGPA cannot reasonably claim that this Court committed clear error in denying relief that was never requested.[7]

AGPA also fails to meet the "manifest injustice" standard. It does not argue that it has met this standard, and it has not identified the kinds of obvious errors of fact or law that could

---

[7]    BPXA's opposition to the motion to amend the complaint will show that, even if that motion were properly before the Court, it should be denied, because the proposed amendments fail to address the deficiencies that warranted dismissal in the first place.

require reconsideration of a prior ruling. *See generally* 11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1, at 125 & n.15, 126 & n.17, 128 (2d ed. 1995) (explaining the "manifest injustice" standard and noting that "because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied"). Indeed, rather than contend that this Court erred in its ruling that the original complaint failed to state a claim on which relief could be granted, AGPA seeks to vacate the judgment so that it may submit a different complaint, which it contends will cure the problems that warranted dismissal of the first complaint. AGPA, of course, had the opportunity to present these amendments long before this Court entered judgment. Having failed to take advantage of those opportunities, AGPA must live with the consequences of its tactical choices.[8]   There is no "manifest injustice" in that.

        3.    *AGPA Has Not Claimed a Change in Intervening Law*

Finally, AGPA does not claim, nor can it claim, that there has been a change in intervening law.


<u>CONCLUSION</u>

AGPA has failed to demonstrate any circumstance, much less a "highly unusual

---

[8]      Again, BPXA's opposition to the motion to amend the complaint will demonstrate that the proposed newly-added facts would not provide a basis for changing this Court's decision and the complaint thus still would fail to state a claim on which relief could be granted, making clear there is no manifest injustice in not allowing AGPA the opportunity to amend the complaint.

circumstance," to support its Rule 59(e) request to vacate the final judgment. Accordingly,

AGPA's Rule 59(e) motion to vacate the judgment should be denied.


ARNOLD & PORTER LLP
Ronald C. Redcay
Matthew T. Heartney
Angel L. Tang

BP EXPLORATION (ALASKA) INC.
Bradley S. McKim

*Attorneys for Defendant*
*BP Exploration (Alaska) Inc.*

KIRKLAND & ELLIS LLP
J. Andrew Langan
David J. Zott
Benjamin W. Hulse

KIRKLAND & ELLIS LLP
 G. Seth Beal

*Attorneys for Defendant BP p.l.c.*

FELDMAN ORLANSKY & SANDERS
Jeffrey M. Feldman

*Attorneys for Defendants*
*BP Exploration (Alaska) Inc. and*
*BP p.l.c.*

Dated:  August 14, 2006

By:  s/Jeffrey M. Feldman
          Jeffrey M. Feldman
          Alaska Bar No. 7905029

          *Attorneys for Defendants*
          *BP Exploration (Alaska) Inc. and*
          *BP p.l.c.*

## Certificate of Service

I hereby certify that on August 14, 2006 a copy of the foregoing document entitled:

BP EXPLORATION (ALASKA) INC. AND BP p.l.c.'s MEMORANDUM IN OPPOSITION TO AGPA'S MOTION TO SET ASIDE JUDGMENT and

PROPOSED ORDER DENYING ALASKA GASLINE PORT AUTHORITY'S MOTION TO SET ASIDE JUDGMENT

were served electronically on each of the following:

Kevin Barry, G. Seth Beal, David Boies, Charles E. Cole, John F. Cove Jr., Donald B. Craven, Matthew T. Heartney,  Paul Hewitt, Benjamin W. Hulse, James A. Langan, Bradley S. McKim, Ronald C. Redcay,  Kenneth F. Rossman, IV, William B. Rozell, Douglas J. Serdahely, Robert Silver, C. Fairley Spillman,  Angel L. Tang, James P. Tuite, William Walker, Matthew P. Whitley, David J. Zott and via U.S. Mail to David Beck, , Eric J.R. Nichols and L. Nicole White.

By:      s/Jeffrey M. Feldman_____