# EXHIBIT 1

Westlaw.

Not Reported in F.Supp.2d                                                                         Page 1

Not Reported in F.Supp.2d, 2004 WL 2196560 (N.D.Cal.), 94 A.F.T.R.2d 2004-6210
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents

United States District Court,N.D. California.
Michael **ZARCONE**, Plaintiff,
v.
UNITED STATES OF AMERICA, Defendant.
**No. C 04-01428 WHA.**

Sept. 27, 2004.

Woodford G. Rowland, Richard T. Franceschini,
Timothy J. Chambers, Law Offices of Rowland &
Franceschini, San Rafael, CA, for Plaintiff.
Jay R. Weill, Thomas Moore, United States
Attorney Office, San Francisco, CA, for Defendant.

ORDER DENYING PLAINTIFF'S MOTION TO
VACATE JUDGMENT

ALSUP, J.

INTRODUCTION

*1 Plaintiff's original complaint requested that the
Court require the IRS to accept his $50,000 offer in
compromise to settle a tax liability of approximately
three million dollars, and to release a tax lien
against him. Finding that it lacked jurisdiction to
grant such relief, this Court granted defendant's
motion to dismiss on August 4, 2004. Plaintiff
timely filed the instant motion to vacate the Court's
judgment under Rule 59(e). Because plaintiff's
motion is a thinly-disguised attempt to relitigate old
matters, this order Denies the request to vacate the
judgment.

STATEMENT

Plaintiff Michael Zarcone is president and sole
owner of three corporations which provide
long-term care facilities for disabled children.

Plaintiff's complaint alleged that the IRS acted
arbitrarily and unreasonably when it filed a tax lien
notice without considering the offer in compromise
filed by plaintiff. Plaintiff's prayer for relief
requested the Court to require the IRS to accept his
offer in compromise and to release its tax lien. This
Court's August 4 order granted defendant's motion
to dismiss. The order found that the Court lacked
jurisdiction over the matter because the
Anti-Injunction Act precluded the Court from
granting the requested relief. Plaintiff timely filed
the instant motion on August 18, 2004.

ANALYSIS

Rule 59(e) authorizes a motion to alter or amend a
judgment after its entry. The rule also has been
interpreted as permitting a motion to vacate a
judgment rather than merely amend it. *Foman v.
Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d
222 (1962). Rule 59(e), however, is an "
extraordinary remedy, to be used sparingly in the
interests of finality and conservation of judicial
resources." *Kona Enterprises, Inc. v. Estate of
Bishop,* 229 F.3d 877, 890 (9th Cir.2000).
Amendment or alteration is appropriate under Rule
59(e) if (1) the district court is presented with
newly-discovered evidence, (2) the district court
committed clear error or made an initial decision
that was manifestly unjust, or (3) there is an
intervening change in controlling law. *Zimmerman
v. City of Oakland,* 255 F.3d 734, 740 (9th
Cir.2001). This showing is a "high hurdle." *Weeks
v. Bayer,* 246 F.3d 1231, 1236 (9th Cir.2001). A
judgment is not properly reopened "absent highly
unusual circumstances." *Id.* This case presents no
such unusual circumstances.

Plaintiff's motion is essentially an attempt to
relitigate the defendant's original motion to dismiss.
Plaintiff presents no new evidence. He points to no
intervening change in the law. He makes no
showing that the August 4 order was manifestly

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 2

Not Reported in F.Supp.2d, 2004 WL 2196560 (N.D.Cal.), 94 A.F.T.R.2d 2004-6210
**(Cite as: Not Reported in F.Supp.2d)**

unjust. Instead, plaintiff makes a series of arguments that were already raised, or could have been raised, prior to the entry of judgment. Plaintiff's motion is accordingly denied.

Plaintiff's first argument is that the judgment should be vacated because "new evidence" has been discovered after this Court's dismissal of his case (Br.2). The newly-discovered evidence, however, consists of a single Tax Court decision, *Fowler v. CIR,* T.C. Memo 2004-163. Even if a court decision were to constitute "evidence," the evidence in question is certainly not "newly-discovered." The *Fowler* decision was rendered July 13, 2004, two weeks *before* plaintiff submitted its opposition to defendant's motion to dismiss on July 28, 2004. The introduction of such evidence is not grounds for granting a motion to vacate. *See Zimmerman,* 255 F.3d at 740 ("a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable"). Moreover, the *Fowler* decision is inapposite. The court in *Fowler* was asked to decide whether an IRS appeals officer's refusal to accept an offer in compromise was arbitrary and capricious. Thus, *Fowler* does not address the threshold issue in plaintiff's case-*i.e.,* whether the Anti-Injunction Act precludes a court from granting plaintiff the relief he requested in his complaint.

*2 In addition, plaintiff makes an argument regarding "manifest injustice." Plaintiff does not, however, allege that the Court's *initial decision* was manifestly unjust. Rather, plaintiff states that "[i]f this court does not vacate its order and allow the Plaintiff to amend its complaint, he may not file a new complaint because the 30 day statute of limitations for appealing a Collection Due Process hearing in District Court has expired" (Br.2). The situation to which plaintiff objects is of his own making. There would be no statute of limitations issue had plaintiff amended the complaint *prior* to the entry of judgment. Rule 59(e) does not require a court to rescue parties from the consequences of their own choices.

Plaintiff also argues that the Court committed clear error. He argues that the Court's finding that it was without jurisdiction to grant the relief plaintiff requested was "premature and unwarranted ." Plaintiff contends that he was seeking *more* than the specifically-requested injunction requiring that the IRS release the tax lien and accept the offer in compromise. In support, plaintiff refers to a catch-all phrase in his complaint that requests "such other and further relief as this court deems appropriate." In plaintiff's estimation, this phrase encompassed a request that the Court review the appeal officer's conduct for abuse of discretion. Because the Court has jurisdiction to conduct such a review, the argument goes, dismissal was improper.

Though plaintiff could have argued that the catch-all phrase encompassed additional relief in his opposition to the motion to dismiss, the argument is just now being raised for the first time. A district court need not consider legal arguments made for the first time on a motion to amend the judgment. *See Zimmerman,* 255 F.3d at 740. Moreover, plaintiff had ample opportunity in the initial action to amend its complaint to specify a different form of relief. Thus, the dismissal for lack of jurisdiction was not clear error.

Plaintiff's motion also includes assertions that jurisdiction over his claim is conferred upon this court by statute and that the appeals officer abused his discretion (Br.2, 5-6). These arguments do not regard manifest error, an intervening change in law, or new evidence. The arguments were, however, raised in plaintiff's opposition and ultimately did not preclude dismissal. Because plaintiff is merely attempting to relitigate old matters, the original judgment need not be vacated.

In one last attempt at "a second bite at the apple," plaintiff now requests leave to file an amended complaint. Judgment must first be reopened under FRCP 59, however, before a court can entertain a motion to amend. *Weeks,* 246 F.3d at 1236. As demonstrated above, plaintiff has not met the requirements for reopening judgment. Notwithstanding that fact, plaintiff insists that "the law favors allowing the plaintiff to amend his complaint" (Br.4). Plaintiff cites to no authority

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 3

Not Reported in F.Supp.2d, 2004 WL 2196560 (N.D.Cal.), 94 A.F.T.R.2d 2004-6210
**(Cite as: Not Reported in F.Supp.2d)**

from within the circuit to support this contention.
Moreover, the policy interests that require courts to
liberally grant leave to amend are inapposite after
judgment is rendered. *Weeks,* 246 F.3d at 1236.

### CONCLUSION

**\*3** For the foregoing reasons, plaintiff's motion to
vacate judgment and request for leave to amend are
Denied.

IT IS SO ORDERED.

N.D.Cal.,2004.
Zarcone v. U.S.
Not Reported in F.Supp.2d, 2004 WL 2196560
(N.D.Cal.), 94 A.F.T.R.2d 2004-6210

Briefs and Other Related Documents (Back to top)

• 3:04cv01428 (Docket) (Apr. 12, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.