David Boies
Robert Silver
**BOIES, SCHILLER & FLEXNER LLP**
333 Main Street, Armonk, NY 10504
914.749.8200; 914.749.8300 (fax)
dboies@bsfllp.com; rsilver@bsfllp.com

John F. Cove, Jr.
Kenneth F. Rossman IV
**BOIES, SCHILLER & FLEXNER LLP**
1999 Harrison St., Suite 900, Oakland, CA 94612
510.874.1000; 510.874.1460 (fax)
jcove@bsfllp.com; krossman@bsfllp.com


William M. Walker (SBN 8310155)          Charles E. Cole (SBN 5503004)
**WALKER & LEVESQUE, LLC**               **LAW OFFICES OF CHARLES E. COLE**
731 N Street, Anchorage, AK 99501        406 Cushman Street, Fairbanks, AK 99701
907.278.7000; 907.278.7001 (fax)         907.452.1124; 907.456.2523 (fax)
bill-wwa@ak.net                          colelaw@att.net

*Counsel for Plaintiff Alaska Gasline Port Authority*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA GASLINE PORT AUTHORITY, <br><br> Plaintiff, <br><br> v. <br><br> EXXONMOBIL CORPORATION, a New Jersey corporation; EXXONMOBIL ALASKA PRODUCTION, INC., a Delaware corporation; BP P.L.C., a United Kingdom corporation; and BP EXPLORATION (ALASKA) INC., a Delaware corporation, <br><br> Defendants. | CASE NO.: 4:05-cv-00026-RRB <br><br> **REPLY IN SUPPORT OF MOTION TO SET ASIDE JUDGMENT** |

## INTRODUCTION

Clear Supreme Court and Ninth Circuit precedent, cited by the Port Authority in its memorandum in support of the motions to set aside the judgment and for leave to file an amended complaint, indicates that the judgment should be set aside and leave to file an amended complaint should be granted.  Entry of judgment without the opportunity to amend was error.  For this reason, the Court should set aside the judgment and permit the Port Authority to file an amended complaint.

## BACKGROUND

On December 19, 2005, Plaintiff Alaska Gasline Port Authority filed a complaint against Defendants ExxonMobil Corp., ExxonMobil Alaska Production, Inc. (collectively "ExxonMobil"), BP p.l.c., and BP Exploration (Alaska) Inc. (collectively "BP").  All Defendants moved to dismiss, and on June 19, 2006, the Court granted their motions and dismissed the complaint.  In its Order granting Defendants' motions, the Court stated that "the matter is hereby DISMISSED," suggesting a dismissal with prejudice.  *See* June 19, 2006 Order at 14 [Docket # 84] (emphasis omitted).  On June 30, 2006, Defendant ExxonMobil filed a Notice of Filing Proposed Final Judgment, and on July 5, 2006, it filed a Notice of Filing Corrected (Proposed) Final Judgment.  On July 13, 2007, the Court entered final judgment.  The Port Authority timely filed a motion to set aside the judgment, together with a motion for leave to amend, on July 27, 2006.  Both motions are currently pending before the Court.[1]

In opposing the Port Authority's motion to set aside the judgment, Defendants claim that the Port Authority has offered the Court no basis on which to do so.  That is plainly not the case.

---

[1] To preserve its rights, the Port Authority also filed a Notice of Appeal of the judgment and the order granting the Defendants' motions to dismiss, but this Notice will not be effective until the Court rules on the present motion to set aside the judgment.  Fed. Rule App. Proc. 4(a)(4)(B)(i).

The Port Authority has shown that together with Rule 59(e), Rule 15 requires courts to permit amendment in circumstances such as are present here: (1) the court entered judgment without permitting amendment; (2) the entry of judgment was error; and (3) the Port Authority has asked the Court to set it aside.

## ARGUMENT

**1.    The Port Authority was foreclosed from the full opportunity to amend its complaint prior to entry of judgment.**

The Court, by entering judgment when it did, foreclosed the Port Authority from the full opportunity to amend its complaint. On June 30, 2006, Defendant ExxonMobil filed what it styled as a "Notice of Filing Proposed Final Judgment" and submitted a proposed judgment to the Court. On July 5, 2006, ExxonMobil filed a corrected version of this same "Notice," together with a corrected proposed judgment. In its caption, the notice refers to Federal Rule of Civil Procedure 54, but Rule 54 makes no provision for any such filing. Nor is there a provision for such a document in the Local Rules of this Court. The "Notice" is in reality a motion. By filing the notice, together with a proposed final judgment, ExxonMobil moved the Court to take action; it requested that the Court sign the final judgment. On July 13, 2006, the Court effectively granted that motion and entered judgment.

The Defendants make a great deal in their Oppositions about the fact that the Port Authority did not oppose their "Notice," despite the fact that the time for filing any such objection had not run when the Court entered the judgment.[2] In responding to motions, Local

---

[2] Defendants also stress the fact that when faced with motions to dismiss and the subsequent order dismissing the case, the Port Authority did not amend its complaint. In doing so, Defendants ignore Ninth Circuit precedent holding that failure to request leave to amend a complaint has absolutely no effect on the plaintiffs' right to amend or on the court's obligation to provide plaintiffs the opportunity to do so. "In dismissing for failure to state a claim, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Doe v. United States*, 58 F.3d at 497 (citation omitted).    (continued….)

Rule 7.1(e) grants 15 days to submit an opposition. When the Court signed and entered the Defendant's Corrected (Proposed) Final Judgment on July 13, 2006, the time to oppose the original "Notice" had not yet run, and the time to oppose the "Notice of Corrected (Proposed) Final Judgment," filed on July 5, 2006, was barely half-expired. Once judgment was entered, the Port Authority was denied the chance to oppose the Notice – either through an opposition; through a motion for leave to file an amended complaint; or simply by filing an amended complaint under its right to do so once "as a matter of course." Fed. Rule Civ. Proc. 15(a). Because the Court entered judgment before the time to respond to either "Notice" had run, the Port Authority was denied the full opportunity to amend its complaint, necessitating the present motion to set aside the judgment and the concurrent motion for leave to amend.

2. **Supreme Court precedent dictates that the Port Authority's Rule 59(e) motion should be granted and leave to amend should be given.**

In their Oppositions, Defendants do not cite a single case that involves the same fact situation presented here. There is, however, a Supreme Court decision directly on point, which Defendants essentially ignore.

In *Foman v. Davis*, 371 U.S. 178 (1962), the district court dismissed the plaintiff's claim and denied subsequent motions to vacate the judgment and to amend the complaint. The Supreme Court considered the motion to vacate – **a Rule 59(e) motion**, *id.* at 181 – and held that the judgment should have been vacated to allow amendment of the complaint.

---

> If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. We find no indication of such a determination in this record. *It is of no consequence that no request to amend the pleading was made in the district court.*

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (internal citation omitted) (emphasis added).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules

*Id.* at 182. The holding of *Foman* is directly applicable to this case – (1) the Port Authority's complaint was dismissed; (2) judgment was entered without granting the Port Authority the opportunity to amend; and (3) the Port Authority filed a Rule 59(e) motion and a motion for leave to amend. Following *Foman*, the judgment should be set aside, and leave to file an amended complaint should be granted.

Defendant ExxonMobil fails to address *Foman* at all; it neither mentions nor cites the case in its Opposition. *See* ExxonMobil Opposition [Docket # 94]. Defendant BP – in a footnote – argues that *Foman* "does not address the standards for vacating judgments under Rule 59(e)," intimating that the case should not be applied. BP Opposition at 5, n.3 [Docket # 95]. What Defendants ignore, however, is the fact that the situation presented to the Supreme Court in *Foman* is identical to the situation before this Court. The error the plaintiff sought to correct in *Foman* was the failure to allow it to amend its complaint – the same error here – and therefore, the holding of *Foman* controls.

3.  **In the present context, evaluation of a Rule 59(e) motion is guided by the merits of the motion for leave to amend.**

Because of the strong policy permitting leave to amend, especially in the absence of any responsive pleading or prior amendment, there are exceptionally few cases addressing the situation presently before the court. One of the few that does, *Harris v. City of Auburn*, 27 F.3d

1284 (7th Cir. 1994), holds that in considering a motion to set aside a judgment in order to grant the plaintiff leave to amend, the court must evaluate the Rule 59(e) motion in light of the request for leave to amend. "In evaluating the merits of the motion to vacate a judgment, the district court is required to consider the merits of the movant's request for leave to amend its complaint." *Id.* at 1287. The court held that the movant must provide the court with "a good reason to grant its motion." *Id.*

In *Harris*, the plaintiff filed an initial complaint, and the defendant moved to dismiss. The court granted the motion and dismissed the case with prejudice. The plaintiff filed a motion to vacate this order and for leave to file an amended complaint, which the court treated as a Rule 59(e) motion. The court ultimately denied the Rule 59(e) motion, because the plaintiff failed to provide a copy of an amended complaint with his motion, and because the court determined that he would not have been able to plead facts sufficient to cure the defects in his original complaint. Although the court ruled against the plaintiff, the holding of *Harris* is plain: when an initial complaint has been dismissed without leave to amend and the plaintiff files a Rule 59(e) motion in conjunction with a motion for leave to amend, the court must evaluate the Rule 59(e) motion in light of the merits of the motion for leave. *Id.*[3]

This procedure is perfectly logical. If no responsive pleading or previous amendment has been filed, and if a plaintiff can demonstrate that it should be allowed to file an amended complaint, then under Rule 15(a), the court committed error in not permitting amendment prior

---

[3] Defendants claim that *Harris* is inapposite, because the court ruled against the plaintiff in that case. The outcome of the case has no bearing on the procedure it established in coming to that outcome, however. The circumstances of *Harris* and this case are identical, and the method it prescribes is valid. Instead of *Harris*, Defendants claim that *Weeks v. Bayer*, 246 F.3d 1231 (9th Cir. 2001) should apply. As explained in more detail below, *Weeks* is less applicable to the present circumstances than *Harris*.

to entering judgment. Because of that error, the Rule 59(e) motion should be granted, and the judgment should be set aside.

4. **The Port Authority's Motion for Leave to File an Amended Complaint is meritorious and should be granted.**

Defendant ExxonMobil cites *Harris* for the proposition that "the presumption that leave to amend shall be freely given pursuant to Rule 15(a) disappears after judgment has been entered." ExxonMobil Opposition at 5 [Docket # 94] (citing *Harris*, 27 F.3d at 1287). As *Harris* instructs, the plaintiff seeking to set aside the judgment and file an amendment must provide "a good reason" to do so. *Harris*, 27 F.3d at 1287. The Supreme Court, however, has conceived the test somewhat differently – a court denying a motion for leave to amend in the context of Rule 59(e) must furnish a good reason for its denial. *See Foman v. Davis*, 371 U.S. at 182. Once judgment has been entered, a plaintiff no longer has the ability to amend "as a matter of course" under Rule 15(a); the trial court has the discretion to set aside a judgment and grant permission to amend or to deny this request. *Id.* Guiding this discretion, however, is the instruction that absent bad faith, undue delay, dilatory motive, repeated failure to cure pleading deficiencies, prejudice to the defendant, or futility of amendment, leave to amend should still be "freely given," even in the context of a Rule 59(e) motion. *Id.*

As explained in the Port Authority's initial memorandum, the only factor the Defendants could possibly claim is applicable in this case is the last one – futility. However, in the Ninth Circuit, the bar to establish futility is exceptionally high. To assert that amendment would be futile, the Defendants must demonstrate to the Court that "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber v. Serv-Well Furniture*, 806 F.2d at 1401; *Doe v. United States*, 58 F.3d at 497.

In *Doe*, the district court dismissed the plaintiff's original complaint with prejudice and entered judgment for the United States. Even though the dissenting judge determined that successful amendment was "impossible," because he saw no way for the plaintiff to avoid the bar of sovereign immunity, the Ninth Circuit majority held that failure to permit amendment was reversible error. "We are unwilling to anticipate what theory an ingenious but fair pleader might produce and what constellation of facts might be alleged that might overcome the bar." *Doe*, 58 F.3d at 497.

The [Proposed] Amended Complaint, submitted concurrently with the present motion, demonstrates that the Port Authority has successfully cured the deficiencies identified by the Court in its Order granting the Defendants' motions to dismiss. There are additional facts demonstrating preparedness, allegations demonstrating the Port Authority's pipeline project is not preempted by the Stranded Gas Act, and other supplemental allegations. Thus, amendment is not futile; the judgment should be set aside; and the Port Authority should be permitted to file an amended complaint.

5. **The cases cited by Defendants involve different procedural postures and different claimed errors, and therefore are inapposite.**

In opposing the motion to set aside the judgment, Defendants cite a number of cases, but they fail to cite a single published decision applicable to the situation facing the Court – (1) a complaint with no responsive pleading and no prior amendment, dismissed without permitting plaintiff to amend; (2) judgment entered on that dismissal; and (3) a Rule 59(e) motion filed for the purpose of filing an amended complaint. Defendants' cases are inapposite.[4]

---

[4] A significant proportion of the cases cited by Defendants involve Rule 59(e) motions seeking to vacate judgments after summary judgment was granted, a procedural posture significantly different than the present case. *See, e.g.*, *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999); *Carrol v. Nakatani*, 342, F.3d 934, 939 (9th Cir. 2003); *Illinois Conf. of Teamsters & Employers Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1367-68 (7th Cir. 1995); *Allmerican Fin. Life Ins. &*

Defendants place heavy reliance on *Weeks v. Bayer*, 246 F.3d 1231 (9th Cir. 2001), but their reliance is misplaced. While Defendants cite this opinion to support their contention that the judgment should not be set aside, the facts of *Weeks* are easily distinguishable, and the decision has no bearing on the present action. In *Weeks*, the plaintiff was an employee of the Nevada Department of Prisons. In October 1997, he was asked by a representative from the Nevada Bureau of Alcohol and Drug Abuse about the status of the inmate substance abuse and rehabilitation programs in his Department. He replied that the programs were in danger because of his supervisor's delays in funding them. One week later, he was fired. He filed suit, claiming that his termination violated his First Amendment rights. The defendant answered the complaint, and the district court entered judgment on the pleadings. After judgment was entered, the plaintiff sought to set it aside under Rule 59(e) and for leave to amend, but the district court denied these requests. The Ninth Circuit affirmed, because neither the content nor the context of his speech accorded it constitutional protection. "But a simple update on the funding status of a program, without more, does not a constitutional case make." *Id.* at 1236. In the court's view, a single statement, amounting to "mere everyday conversation between government employees" did not rise to constitutionally protected status. *Id.* at 1235-36.

Unlike the present case, where the error the Port Authority seeks to correct is failure to permit amendment, the error that was the subject of the motion to set aside the judgment in *Weeks* was the dismissal of the complaint itself. *Id.* at 1237 ("The question is whether the court, when it dismissed the case, committed some clear error that required it to reopen that judgment. For all of the reasons stated above, the district court did not clearly err."). Thus, the Rule 59(e)

---

*Annuity Co. v. Llewellyn*, 139 F.3d 664, 665-66 (9th Cir. 1997); *Segal v. Mass. Mut. Life Ins. Co.*, No. 99-17182, 2001 WL 291155, at *1 (9th Cir. March 15, 2001); *Martinez v. Trainor*, 556 F.2d 818, 819 (7th Cir. 1977); *Lindauer v. Rogers*, 91 F.3d 1355 (9th Cir. 1996); *Burgess v. Sailors' Union of the Pacific*, No. 02-55854, 2003 WL 1918186, at *1 (9th Cir. April 22, 2003)

motion in *Weeks* did not implicate the holding of *Foman v. Davis* – that judgments should be set aside and leave to amend be "freely given" in the absence of the factors enumerated by the Supreme Court. *Foman*, 371 U.S. at 182. Because the court in *Weeks* did not consider the Rule 59(e) motion in the context of a failure to permit amendment, but rather, in the context of an purportedly incorrect order of dismissal, it is inapposite to the present case.

An unpublished opinion upon which Defendant BP relies, *Zacone v. United States*, No. C 04-01428 WHA, 2004 WL 2196560, at *1 (N.D. Cal. Sept. 27, 2004), is facially similar to the present case, but upon closer review is equally inapt as *Weeks*. The plaintiff in *Zacone* attempted to use the court to force the IRS to accept his $50,000 offer to settle a $3 million tax liability. The court dismissed the case on the ground that the Anti Injunction Act precluded the relief sought. The plaintiff then filed a 59(e) motion. However, unlike the present case, yet similar to *Weeks*, the error that served as the basis of the Rule 59(e) motion in *Zacone* was the court's decision dismissing the complaint. "Plaintiff's [Rule 59(e)] motion is essentially an attempt to relitigate the defendant's original motion to dismiss." *Id.* at *1. As with *Weeks*, the court in *Zacone* did not consider an error in refusing to permit amendment prior to entering judgment, and therefore, the opinion is inapplicable to the facts here.

//
//
//
//
//

## CONCLUSION

For the reasons outlined above, the Port Authority respectfully requests that the Court set aside the judgment and permit it to file an amended complaint. Under Ninth Circuit law, failure to permit amendment prior to entering judgment was improper, and the Port Authority's request to set aside the judgment provides the Court with an opportunity to correct this error.

Dated:  August 18, 2006                    Respectfully submitted,

                                            s/John F. Cove, Jr.

David Boies
Robert Silver
John F. Cove, Jr.
Kenneth F. Rossman IV
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison St., Suite 900, Oakland, CA 94612
510.874.1000; 510.874.1460 (fax)
jcove@bsfllp.com

William M. Walker
WALKER & LEVESQUE, LLC

Charles E. Cole
LAW OFFICES OF CHARLES E. COLE

*Counsel for Plaintiff Alaska Gasline Port Authority*

# Certificate of Service

I hereby certify that on August 18, 2006, a copy of the foregoing document entitled,

**REPLY IN SUPPORT OF MOTION TO SET ASIDE JUDGMENT**

was served electronically on each of the following:

David Boies, Kevin Barry, John F. Cove, Jr., Kenneth F. Rossman, IV, Robert Silver, William M. Walker, Charles E. Cole, Jeffrey M. Feldman, Paul B. Hewitt, Bradley S. McKim, Ronald C. Redcay, Matthew T. Heartney, Angel L. Tang, Donald B. Craven, William B. Rozell, Douglas J. Serdahely, C. Fairley Spillman, Matthew P. Whitley, G. Seth Beal, David J. Beck, Benjamin W. Hulse, James Langan, Eric J.R. Nichols, L. Nichol White, David J. Zott, and James P. Tuite.

By:  s/Kevin J. Barry.

BOIES, SCHILLER & FLEXNER LLP
1999 Harrison St., Suite 900, Oakland, CA 94612
510.874.1000; 510.874.1460 (fax)
kbarry@bsfllp.com