LEXSEE 2003 US APP LEXIS 24087

**TIMOTHY HANLON, Plaintiff - Appellant, v. HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, a Connecticut corporation, Defendant - Appellee.**

No. 02-35698

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

81 Fed. Appx. 961; 2003 U.S. App. LEXIS 24087

November 7, 2003, Argued and Submitted, Portland, Oregon
November 25, 2003, Filed

**NOTICE:** [**1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the District of Oregon. D.C. No. CV-02-06109-AA. Ann L. Aiken, District Judge, Presiding.

**DISPOSITION:** AFFIRMED.

**COUNSEL:** For TIMOTHY HANLON, Plaintiff - Appellant: Gregory P. Lynch, Christopher D. Hatfield, Stanley D. Austin, HURLEY, LYNCH & RE, P.C., Bend, OR.

For HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, Defendant - Appellee: R. Daniel Lindahl, Esq., Lori R. Metz, Esq., BULLIVANT HOUSER BAILEY, PC, Portland, OR.

**JUDGES:** Before: GOODWIN, ALARCON, and RAWLINSON, Circuit Judges.

**OPINION:**

[*961] MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Plaintiff Timothy Hanlon appeals the dismissal of his claim without leave to amend. We conclude that the district court did not err, and we affirm.

A dismissal [**2] without leave to amend is proper if "it is clear, upon de novo review, that the complaint could not be saved by any amendment." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)). However, "[a] district court's denial of leave to amend is reviewed for abuse of discretion." *Broudo v. Dura Pharms., Inc.*, 339 F.3d 933, 937 (9th Cir. 2003) (citation omitted).

Where a district court does not offer reasons for a dismissal without leave to amend, we consider five factors to address the propriety of that decision: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Schmier v. United States Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (quoting *In re Consol. Pioneer Mortgage Entities*, 205 B.R. 422, 426 (B.A.P. 9th Cir. 1997)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute [**3] a valid and sufficient claim or defense." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (alteration in original) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Futility of amendment, standing alone, can justify the denial of a motion for leave to amend. *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

The district court correctly concluded that Hanlon's proposed amendment would be futile because his state law claims would continue to be preempted by the Employee Retirement Income Security Act ("ERISA"). *See Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 407-08 (9th [*962] Cir. 1995); *see also McKesson HBOC, Inc.*, 339 F.3d at 1096 ("Like the district court, we conclude that the deficiencies in McKesson's claims cannot be cured by amendment."). The district court was not required to grant *sua sponte* leave to amend the complaint to allege an ERISA-based claim. *See Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355, 1361 (9th Cir.

Exhibit 1
Page 1 of 2

1997) ("[Plaintiff] waived its right to make [**4] these ERISA claims because [plaintiff] neither raised this issue to the district court nor requested leave to amend to attempt to assert a claim under ERISA.").

**AFFIRMED.**

Exhibit 1
Page 2 of 2