Donald B. Craven (DC Bar No. 221424)
**AKIN GUMP STRAUSS**
**HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 887-4000; (202) 887-4288 (fax)
dcraven@akingump.com

David J. Beck (Federal Bar No. 919)
**BECK, REDDEN & SECREST**
1221 McKinney Street, Suite 4500
Houston, TX 77010
(713) 951-3700; (713) 951-3720 (fax)
dbeck@brsfirm.com

William B. Rozell (Alaska Bar No. 7210067)
623 Basin Road
P.O. Box 20730
Juneau, AK 99802
(907) 586-0142; (907) 463-5647 (fax)
bartrozell@aol.com

Douglas J. Serdahely (Alaska Bar No. 7210072)
**PATTON BOGGS LLP**
601 West 5th Avenue, Suite 700
Anchorage, AK 99501
(907) 263-6310; (907) 263-6345 (fax)
dserdahely@pattonboggs.com

*Attorneys for Defendants Exxon Mobil Corporation and*
*ExxonMobil Alaska Production, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA GASLINE PORT AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>EXXONMOBIL CORPORATION, a New Jersey corporation; EXXONMOBIL ALASKA PRODUCTION, INC., a Delaware corporation; BP P.L.C., a United Kingdom corporation; and BP EXPLORATION (ALASKA) INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:05-cv-00026-RRB<br><br>**SURREPLY OF DEFENDANTS EXXON MOBIL CORPORATION AND EXXONMOBIL ALASKA PRODUCTION, INC. TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SET ASIDE JUDGMENT** |

In its Reply in Support of Motion to Set Aside Judgment, Plaintiff Alaska Gasline Port Authority (the "Port Authority") contends for the first time that the Court erred by "not permitting" the filing of an amended complaint before entry of judgment. Reply in Supp. of

Mot. to Set Aside J. ("Reply Mem.") at 5 (Docket No. 99). The Port Authority attempts to bolster this new argument by revising its misstatement of the legal standard governing this Court's resolution of the Port Authority's Motion to Set Aside Judgment under Federal Rule of Civil Procedure 59(e) (Docket No. 89). Reply Mem. at 3-7. Defendants Exxon Mobil Corporation and ExxonMobil Alaska Production, Inc. (collectively "ExxonMobil") submit this surreply in response to the Port Authority's new theory.

## ARGUMENT

I.  **THIS COURT DID NOT ERR WHEN IT ENTERED FINAL JUDGMENT**

Although the Memorandum in Support of Motion to Set Aside Judgment (Docket No. 90) did not even hint at such an issue, the Port Authority now argues that the Court "denied [the Port Authority] the full opportunity to amend its complaint" and thus "committed error in not permitting amendment prior to entering judgment." Reply Mem. at 3, 5-6. The Port Authority is grasping at straws in an effort to manufacture some type of judicial error. The Court can hardly have "denied" an opportunity that the Port Authority never even *sought*. The Court never stated that amendments were prohibited. In fact, after issuing its dismissal order, the Court gave the Port Authority a full 24 days to exercise its right under Rule 15(a) to file an amended complaint before entry of final judgment. At no time during that 24-day period did the Court hear even a peep from the Port Authority.

The Port Authority attempts to excuse its inaction by arguing that "failure to request leave to amend a complaint has absolutely no effect on the plaintiffs' right to amend or on the court's obligation to provide plaintiffs the opportunity to do so." Reply Mem. at 2-3 n.2. The Port Authority's argument misses the point. There was no need, before entry of judgment, for the Port Authority "to request leave to amend." Indeed, the Court had no authority to grant or

SURREPLY OF DEFENDANTS EXXON MOBIL CORPORATION AND EXXONMOBIL ALASKA PRODUCTION, INC. TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SET ASIDE JUDGMENT
*The Alaska Gasline Port Authority v. Exxon Mobil Corporation, et al.*, Case No. 4:05-CV-00026-RRB
Page 2
50523v1

Exh. 1 page 2 of 5

deny leave to amend before entry of final judgment. Instead, before entry of final judgment, the Port Authority had an unqualified right to amend that it simply chose not to exercise. *See Mayes v. Leipziger,* 729 F.2d 605, 607-08 (9th Cir. 1984).

Once the Court had dismissed the original complaint, it was inevitable that final judgment eventually would be entered if the Port Authority did not act. The Court delayed entering final judgment by more than three weeks – a reasonable waiting period by any measure. That the Defendants filed an intervening Notice under Rule 58(d) requesting entry of judgment does not change the fact that the Court gave the Port Authority ample time to take action to protect its interests. The Port Authority's current position appears to be that the Court should have either divined the Port Authority's unstated intention to amend its complaint or indefinitely postponed entry of final judgment to allow for the possibility that the Port Authority might have such an intention. The Port Authority has cited no precedent requiring that kind of judicial hand-holding, and indeed none exists. The Court did not err in entering judgment when it did.

## II. THE MERITS OF THE PORT AUTHORITY'S RULE 15 MOTION ARE IRRELEVANT TO THE COURT'S ANALYSIS UNDER RULE 59

In its opening memorandum, the Port Authority asserted that, in ruling on the Port Authority's Rule 59(e) motion, the Court need only consider the merits of its Rule 15 motion. Faced with overwhelming Ninth Circuit precedent establishing that it must satisfy the requirements of Rule 59(e), the Port Authority now seeks to tie its reliance on the Rule 15 standard to its newly alleged "error" by the Court. In particular, the Port Authority asserts that "when an initial complaint has been dismissed without leave to amend and the plaintiff files a Rule 59(e) motion in conjunction with a motion for leave to amend, the court must evaluate the Rule 59(e) motion in light of the merits of the motion for leave." Rep. Mem. at 5, *citing Harris*

SURREPLY OF DEFENDANTS EXXON MOBIL CORPORATION AND EXXONMOBIL ALASKA PRODUCTION, INC. TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SET ASIDE JUDGMENT
*The Alaska Gasline Port Authority v. Exxon Mobil Corporation, et al.,* Case No. 4:05-CV-00026-RRB
Page 3
50523v1

**Exh. 1 page 3 of 5**

*v. City of Auburn*, 27 F. 3d 1284 (7th Cir. 1994.) In fact, however, the Port Authority's new-found judicial "error" has no impact on the Rule 59 analysis.

*Lindauer, Allmerica, Segal, Weeks*, and *Burgess* state the law of this circuit on post-judgment attempts to amend pleadings.[1] These decisions make clear that, where a party seeks to reopen a case for the purpose of amending its pleadings, the district court's decision under Rule 59 is not affected by the merit, or lack thereof, of the separate motion under Rule 15. Contrary to the Port Authority's assertion (Reply Mem. at 7 n.4), these cases involved procedural postures identical in every material respect to this case. Each involved a motion for leave to amend filed after entry of final judgment, and each speaks unqualifiedly of the threshold need to satisfy Rule 59 or Rule 60 when seeking to amend the pleadings after final judgment. The Port Authority offers no reason for interpreting these cases to mean anything other than what they plainly say.

Further, the Ninth Circuit has affirmed the denial of a post-judgment motion for leave to amend in the precise situation at issue here, *i.e.*, where (1) no pleading responsive to the complaint was filed, (2) the district court entered final judgment after dismissing the complaint for failure to state a claim, and (3) the plaintiff failed to exercise its right to amend once as a matter of course before final judgment. *See Jarvis v. Regan*, 833 F.2d 149, 154-55 (9th Cir. 1987). Although *Jarvis* predated the requirement of a separate motion under Rule 59 or Rule 60,

---

[1] *Burgess v. Sailors' Union of the Pac.*, No. 02-55854, 2003 U.S. App. LEXIS 7677, at *4 (9th Cir. Apr. 22, 2003) (attached as Ex. 1 to Opp'n of Defs. Exxon Mobil Corp. and ExxonMobil Alaska Production, Inc. to Pl.'s Mot. to Set Aside J. ("ExxonMobil Opp'n") (Docket No. 94)); *Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001); *Segal v. Mass. Mut. Life Ins. Co.*, No. 99-17182, 2001 U.S. App. LEXIS 5184, at *3 (9th Cir. Mar. 23, 2001) (Attached as Ex. 2 to ExxonMobil Opp'n); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997); *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996).

SURREPLY OF DEFENDANTS EXXON MOBIL CORPORATION AND EXXONMOBIL ALASKA PRODUCTION, INC. TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SET ASIDE JUDGMENT
*The Alaska Gasline Port Authority v. Exxon Mobil Corporation, et al.*, Case No. 4:05-CV-00026-RRB
Page 4
50523v1

Exh. 1 page 4 of 5

in *Lindauer* the Ninth Circuit expressly noted that its holding was "consistent with *Jarvis* and consistent with our policy of promoting the finality of judgments to adopt the requirement that, once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." 91 F.3d at 1357.

Finally, the Port Authority's reliance on *Foman v. Davis*, 371 U.S. 178 (1962), is misplaced. Reply Mem. at 3-4. *Foman* did not address the standard for evaluating motions under Rule 59. In the 45 years since *Foman* was decided, the Ninth Circuit has repeatedly held, in the plainest terms, that a party seeking to amend its pleadings after final judgment must first clear the exceedingly "high hurdle" of a motion under Rule 59 or Rule 60. *See, e.g., Weeks*, 246 F.3d at 1236.

## CONCLUSION

The Port Authority's Motion to Set Aside Judgment should be denied.

DATED at Anchorage, Alaska this 24th day of August 2006.

s/Douglas J. Serdahely
Douglas J. Serdahely
PATTON BOGGS LLP
601 West Fifth Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907) 263-6310
Fax: (907) 263-6345
Email: dserdahely@pattonboggs.com
Alaska Bar No. 7210072

SURREPLY OF DEFENDANTS EXXON MOBIL CORPORATION AND EXXONMOBIL ALASKA PRODUCTION, INC. TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SET ASIDE JUDGMENT
*The Alaska Gasline Port Authority v. Exxon Mobil Corporation, et al.*, Case No. 4:05-CV-00026-RRB
Page 5
50523v1

Exh. 1 page 5 of 5