IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA GASLINE PORT AUTHORITY,<br><br>      Plaintiff,<br><br>vs.<br><br>EXXONMOBIL CORPORATION, <u>et al.</u>,<br><br>      Defendants. | Case No. 4:05-cv-0026-RRB<br><br>**<u>ORDER DENYING MOTION TO SET ASIDE JUDGMENT AND FILE AMENDED COMPLAINT</u>** |

## I. INTRODUCTION

Before the Court is Plaintiff Alaska Gasline Port Authority with a Motion to Set Aside Judgment (Docket 89), pursuant to Fed. R. Civ. P. Rule 59 ("Rule 59"), and a Motion for Leave to File Amended Complaint (Docket 92), pursuant to Fed. R. Civ. P. Rule 15 ("Rule 15"). Plaintiff's motions are opposed at Docket Nos. 94 & 95; and 100 & 101 respectively.

///

///

///

## II. FACTS

Inasmuch as the facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

**III. STANDARD OF REVIEW**

A motion to amend or alter a judgment under Rule 59 is comparable to ordinary motions for reconsideration.[1] Whether to grant or deny a Rule 59 motion is vested in the court's sound discretion.[2] However, Rule 59 should be "sparingly" applied,[3] and Rule 59 motions should only be granted if one of four grounds is established: (1) if the underlying judgment is based on manifest errors of law or fact; (2) if the moving party has discovered new and previously unavailable evidence; (3) to prevent a manifest injustice; or (4) if an intervening change in the law justifies reconsideration of the underlying judgment.[4] A Rule 59 motion to alter or amend a judgment should not be sought just to re-litigate issues previously decided or to present evidence or arguments which

---

[1] See, e.g., Demasse v. ITT Corp., 915 F. Supp. 1040, 1048 (D. Ariz. 1995)(implying same), rev'd on other grounds, 185 F.3d 866 (9th Cir. 1999).

[2] See 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 2810.1 at 124 (2d ed. 1995)("Wright").

[3] Id.

[4] Id. at 124-27.

were available to the party before final judgment was entered.[5]  A Rule 59 motion must be filed within 10 days of entry of judgment.[6]

**IV. DISCUSSION**

Plaintiff makes no effort to satisfy the requirements for setting aside a final judgment pursuant to Rule 59.  Indeed, Plaintiff "identifies no newly discovered evidence, clear legal error, or intervening change in the law that would justify granting the extraordinary remedy of vacating a final judgment."[7]  Instead, Plaintiff "attempt[s] to by-pass Rule 59's stringent re-opening requirements to take advantage of the Rule 15 standard for pre-judgment amendments."[8]  The attempt is inappropriate as is Plaintiff's contention that the Court denied Plaintiff the full opportunity to amend its complaint and thus committed error in not permitting amendment prior to entering judgment.[9]  "[O]nce judgment has been entered in a case, a motion to amend the complaint can

---

[5]   Id. at 127-28; see also Demass, supra, 915 F. Supp. at 1048.

[6]   See Fed. R. Civ. P. 59(b) & (e); see also Wright, supra, § 2812 at 134-43 (for discussion with citations to relevant authority).

[7]   Docket 94 at 4.

[8]   Id. at 5 (emphasis added).

[9]   See Docket 99 at 3.

only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60."[10]

However, the parties should note that in dismissing the matter, the Court wrote:

> Because Plaintiff "has not pleaded adequate facts to show that it is authorized, and has antitrust standing, to pursue this action," the matter is hereby **DISMISSED**.[11]

This may not forever foreclose the issue. If circumstances change, as they may in this rapidly fluctuating political and economic climate, Plaintiff may be able to obtain standing and the facts may justify pursuing this matter again by way of a new lawsuit.[12] Defendants would seemingly not be able to hold these gas reserves forever without making reasonable and good faith efforts to develop them.

## V.   CONCLUSION

For reasons more carefully articulated in Defendants' responses in opposition to Plaintiff's Motion to Set Aside Judgment at Dockets 94 and 95, Plaintiff's Motion to Set Aside Judgment at Docket 89 is hereby **DENIED**. Plaintiff's Motion for Leave to File Amended Complaint at Docket 92, and Defendants' Motion for Leave to

---

[10] <u>Lindauer v. Rogers</u>, 91 F.3d 1355, 1357 (9th Cir. 1996)(emphasis added).

[11] Docket 63 at 2.

[12] A legislative or administrative endorsement of Plaintiff's proposal might enhance Plaintiff's position with regard to standing.

File Surreply to Plaintiff's Reply in Support of Motion to Set Aside Judgment at Docket 102 are, therefore, **DENIED** as moot.[13]  If circumstances change and Plaintiff establishes standing to litigate these issues, a new lawsuit remains possible.

ENTERED this 15th day of September, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[13]  Even though the Court's decision with regard to Plaintiff's Rule 59 motion is not affected by the merit, or lack thereof, of Plaintiff's separate Rule 15 motion, the Court notes Plaintiff's proposed amended complaint falls short of remedying the infirmities for which its original complaint was earlier dismissed.